OPINION OF THE COURT
David B. Saxe, J.
How summary should summary proceedings be? That question arises in connection with this motion made by the landlord for discovery.
The essential facts are these:
This summary holdover proceeding is premised upon allegations that the respondent does not occupy the premises as her primary residence. (Emergency Tenant Protection Act, L 1974, ch 576, §4, as amd by L 1983, ch 403, hereinafter called the Omnibus Housing Act.) The respondent tenant disagrees, contending that the premises are her primary residence.
Under section 55 of the Omnibus Housing Act, which became effective on June 30,1983, the failure of a tenant to occupy a residence as a primary residence constitutes grounds for eviction. This legislation enables this court to determine issues of nonprimary residence.
The premises in question are located at 104 West 3rd Street in the Greenwich Village section of New York City. The landlord alleges that the respondent has entered into a *644 lease agreement for another apartment in the West Village and annexes a copy of a purported lease agreement. Further, the landlord alleges that the respondent has her automobile operator’s license listed at an address at 5 River Road, Tilson, New York, and annexes a driver’s license abstract and motor vehicle registration form.
The petitioner seeks permission of this court to conduct an examination before trial at which time the following information will be sought from the respondent:
(a) Whether respondent Shelley Farkas filed New York City resident income tax returns for the years 1981 and 1982 and from what address she filed said returns;
(b) Whether she occupies an apartment at the Westheath Housing Corporation and/or 5 River Road, Tilson, New York;
(c) What portion of the time the respondent lives at 104 West 3rd Street, 465 West Street and 5 River Road;
(d) Whether the respondent subleases any of the three premises to any other parties.
Under CPLR 408, it is necessary to obtain leave of court before conducting an examination before trial in a special proceeding, of which a summary proceeding is one variety.
The invention of the summary proceeding was designed to provide the landlord with a simple, expeditious and inexpensive means of regaining possession of his premises in cases where the tenant refused upon demand to pay rent, or where he wrongfully held over without permission after the expiration of the term. {Reich v Cochran, 201 NY 450.) It is argued that motions for disclosure should be denied in most summary proceeding cases, including this one, because disclosure is inconsistent with the speedy determination of rights. Further, it is argued that the landlord has failed to demonstrate “ample need” for the requested discovery under the rule set forth in Antillean Holding Co. v Lindley (76 Misc 2d 1044).
The arguments for and against disclosure have been made in connection with the use in summary proceedings of pretrial devices such as motions to dismiss (CPLR 3211) or motions for summary judgment (CPLR 3212), which have been held applicable to summary proceedings. {Met *645 ropolitan Life Ins. Co. v Carroll, 43 Misc 2d 639 [App Term, 1st Dept].) It is said that these motions, because they may lead to accelerated judgment, are consistent with the purposes behind summary proceedings (see Siegel, NY Prac, § 577, p 812) whereas disclosure differs significantly because it encumbers the system rather than streamlines it. (Ibid.)
The Third Preliminary Report of the Advisory Committee on Practice and Procedure (NY Legis Doc, 1959, No. 17, p 160) states: “The requirement of an order for disclosure is designed to preserve the summary nature of a special proceeding. To allow disclosure on notice before the hearing * * * would almost certainly extend the eight-day notice of petition period.”
This theory, however, has many shortcomings. First, only in cases where summary judgment or motions to dismiss are granted is the result accelerated. In most cases, where the motion is denied, delay is the result. On the other hand, disclosure may assist the speedy disposition of a case when it has served the purpose of clarifying the issues for trial. Further, disclosure may often lead to the settlement of cases or a successful motion for summary judgment as a direct result of the information learned.
The focus should be upon promoting the efficiency of the trial process as opposed to the speed of the trial. Discovery, like motions for summary judgment, when properly employed may introduce welcome efficiency to the litigation process. Undoubtedly, the discovery mechanism has been the subject of much abuse in recent years, but that does not negate its over-all usefulness in proper circumstances. Since leave of court is required for disclosure in summary proceedings (CPLR 408), a court has the ability to structure discovery orders in such a way that discovery is permitted while, at the same time, the interests of all parties are safeguarded.
Discovery is not inherently “hostile to the nature of a summary proceeding”. (42 West 15th St. Corp. v Friedman, 208 Misc 123, 125 [App Term, 1st Dept]; Gioiello v Schutz, NYLJ, Oct. 31, 1973, p 19, col 8; ZH Control v Small, NYLJ, Oct. 5, 1978, p 7, col 2.) Therefore, although there *646 may be presumption against discovery in summary proceedings (Dubowsky v Goldsmith, 202 App Div 818), exceptions to this rule have emerged. For example, in nonpayment summary proceedings involving the calculation of complex lease escalation formulas, the need for discovery may be presumed (Pamela Equities Corp. v Frey Co., 120 Misc 2d 281) and, if ample need is demonstrated (Antillean Holding Co. v Lindley, supra), discovery may be ordered.
The fact of the matter is that summary proceedings, especially holdover cases, are rarely “simple” cases of holding over after a term. Housing matters have become more complex. The availability of quality housing stock in New York City is extremely low and the'interests at stake more substantial than they were in former times. In fact, a leasehold is considered a valuable property right, especially in view of the co-operative conversion movement in New York City.
One of the primary reasons for the creation of an expedited proceeding is the fact that during the pendency of the dispute the landlord is not receiving any rent for the premises. Thus, a nonpayment proceeding is exactly what the name implies — an action commenced on the basis of the tenant’s failure to pay rent. In a simple nonpayment proceeding there is generally no reason to permit discovery as there are usually insufficient facts in dispute to justify any further delay to the landlord’s recovery of rent or possession. Thus, to permit discovery in a simple nonpayment case would, more often than not, be prejudicial to the landlord.
This is to be contrasted with nonpayment proceedings involving claims of the breach of warranty of habitability and with holdover proceedings where the issues are often complex and intensely disputed. In these situations discovery may be beneficial to both parties and the efficiency of the system in general. The prejudice to the landlord may be alleviated in many of the holdover proceedings by ordering the payment by the tenant of the fair use and occupancy for the premises.
Here, it is the landlord rather than the tenant who is requesting disclosure. Thus any claims of prejudice to the *647 landlord’s desire for a prompt determination of the issues and recovery of the rent are absent. Instead, the landlord has made a choice that the clarification of the facts outweigh the risks of delay. In this case there are clearly facts in dispute.
I hold that the petitioner has demonstrated “ample need” to conduct the requested discovery based upon the type of proceeding involved and the desired information sought. (Antillean Holding Co. v Lindley, supra.) I further hold that in summary proceedings based upon allegations of nonprimary residence, a presumption in favor of disclosure should be made by a court entertaining an application under CPLR 408.
In determining whether “ample need” has been established I hold that a court shall apply and consider the following factors when faced with disclosure requests in summary proceedings;
(1) whether, in the first instance, the petitioner has asserted facts to establish a cause of action. Thus, a fishing expedition utilized by the landlord for the purpose of formulating a cause of action or by the tenant to establish a defense, should never be permitted;
(2) whether there is a need to determine information directly related to the cause of action;
(3) whether the requested disclosure is carefully tailored and is likely to clarify the disputed facts;
(4) whether prejudice will result from the granting of an application for disclosure;
(5) whether the prejudice can be diminished or alleviated by an order fashioned by the court for this purpose, e.g., conditioning a grant of a motion for discovery upon the payment of use and occupancy; ordering that all discovery must be done, if at all, within a relatively short time period;
(6) whether the court, in its supervisory role can structure discovery so that pro se tenants, in particular, will be protected and not adversely affected by a landlord’s discovery requests.
Applying this criteria to the instant case, it is clear that disclosure is warranted. First, the petitioner has set forth a *648 viable ground for eviction (namely, nonprimary resident status) in its petition and notice of petition. Second, there is a need to clarify information which is likely to have a direct bearing on a finding regarding the respondent’s residence such as where she files tax returns from or where she is registered to vote. As stated above, the chance that prejudice will result from granting petitioner’s motion is slight since the petitioner is the party that has made the request for disclosure. Here, the landlord’s requests have been carefully tailored to focus in on and hopefully clarify the disputed factual issues. I further find that the information is likely to be within the knowledge of the respondent, is not burdensome and is capable of being answered or produced in a relatively short period of time. I see little chance that either party will be adversely affected by permitting the landlord to conduct the requested discovery.
On the basis of the foregoing, the petitioner’s request to conduct an examination before trial of respondent Shelley Farkas is granted. It shall be held at 2:00 p.m., Tuesday, November 22, 1983, at Special Term, Part II, at this court, or at such other time and place as counsel may agree.