Mei Ling Chow v English (2024 NY Slip Op 50006(U))

[*1]

Mei Ling Chow v English

2024 NY Slip Op 50006(U)

Decided on January 9, 2024

Civil Court Of The City Of New York, Bronx County

Lutwak, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 9, 2024
Civil Court of the City of New York, Bronx County

Mei Ling Chow, Petitioner-Landlord,

against
Sarah English, Respondent-Occupant, and "JOHN DOE" and "JANE DOE", Respondents-Undertenants.

L& T Index No. 302769/23

For Petitioner:
Boris Lepikh, Esq.
OFFICE OF TODD ROTHENBERG, ESQ.
271 North Ave Ste 901, New Rochelle, NY 10801 
Phone: (914) 235-7234 
E-mail: boris@trothenbergesq.com
For Respondent:
Kyle Pearce, Esq.
DISTRICT COUNCIL 37 MUNICIPAL EMPLOYEES LEGAL SERVICES 
5 Water Street 22nd Floor, New York, NY 10038 
Phone: (516) 303-2786 
E-mail: kpearce@dc37.net

Diane E. Lutwak, J.

Recitation, as required by CPLR Rule 2219(A), of the papers considered in the review of Respondent's Motion for Leave to Conduct Discovery (motion seq #1):
Papers/NYSCEF Doc #
Notice of Motion 11
Attorney's Affirmation in Support 12
Respondent's Affidavit in Support 13
Exhibits A-B in Support 14, 15
Attorney's Affirmation, Petitioner's Affidavit and Exhibits 1-6 in Opposition 16
Attorney's Affirmation in Reply 17
Exhibits A-B in Reply 18, 19
Upon the foregoing papers, Respondent's motion for leave to conduct discovery is decided as follows.
PROCEDURAL HISTORY & FACTUAL BACKGROUND
This is a licensee holdover proceeding based on a ten-day notice to quit. Both Petitioner Mei Ling Chow and Respondent Sarah English are represented by counsel [FN1]
. The petition alleges that Respondent's apartment is not subject to Rent Stabilization or Rent Control because the building has less than six units. In her verified answer [FN2]
Respondent asserts that the subject apartment is "de facto rent stabilized" as there are at least six units in the building.
Now before the Court is Respondent's motion seeking discovery under CPLR § 408 in the form of document production and physical inspection of the basement of the building. Respondent asserts in her supporting affidavit that she has resided in the subject building since 2013, when someone else owned the building; there are four units in the building, labelled 1F, 1R, 2F and 2R; "there are also additional units in the basement" but she does "not know how many", Respondent's Affidavit at ¶ 7; and she "was told by the mail carrier that she is delivering a lot of mail listed for the basement under many different names and that the premises are a 'rooming house'", id. at ¶ 8. Respondent's attorney provides a printout from the New York City Department of Buildings' (DOB) website (Exhibit B/NYSCEF Doc # 14) referencing Violation # 30945188N, described as "gas being supplied to building without inspection and certification by DOB", and includes the following statement in a section entitled "Specific Violation Condition(s) and Remedy": "AT TIME OF INSPECTION AT THE ABOVE ADDRESS ON THE ABOVE DATE [7/29/21], I OBSERVED IN BASEMENT 1ST AND 2ND FLOORS GAS BEING SUPPLIED TO 2 DIFFERENT STOVES WITHOUT GAS AUTHORIZATION, UTILITY SHOT AND LOCKED METERS." The violation is marked "resolved" and the hearing was marked "dismissed" on 2/25/22, no penalty.
Respondent's attorney argues that Respondent has met the "ample need" standard for discovery on her defense of de facto Rent Stabilization, citing to, inter alia, New York University v Farkas (121 Misc 2d 643, 468 NYS2d 808 [Civ Ct NY Co 1983]).
In opposition, Petitioner asserts in her affidavit that she acquired title to the building in May 2019; the building has four units, each with a stove; the building has four individual gas meters and was never altered to include more units; she hired a contractor to perform certain renovations in the building, including converting apartments 1F and 1R to duplexes, with access to the basement where each of these apartments would have "one half bathroom, one washer, one gas dryer", Petitioner's Affidavit at ¶ 6; the contractor's plans were approved in June 2019 by DOB, which issued permits that specifically provided for "no change in use, egress or occupancy", id. at ¶ 7 & Exhibit 2; the construction work was delayed by the COVID-19 pandemic; DOB inspected the building in June and July 2021 resulting in various orders [*2]including to replace existing gas pipes with new ones and install sprinklers, id. at ¶¶ 9-11 & Exhibits 3 & 4; and DOB's final inspection was conducted on November 4, 2021 "upon completion of all work in the building," id. at ¶ 12 & Exhibit 5.
Petitioner's counsel argues that Respondent has not met the "ample need" standard under NYU v Farkas as she has not demonstrated any factual basis for her claim that there are at least six units in the building, resulting in Rent Stabilization status for her apartment. Petitioner points to Respondent's affidavit acknowledging that there are two apartments on each of the first and second floors of the building. As to the basement, Petitioner points to the absence in Respondent's papers of any personal observations of, conversations with or information about the names or identities of anyone purportedly living there; the absence of any claim that there are six utility meters or six mailboxes or other indicia of additional units; and Respondent's reliance on the unsubstantiated statements of an unidentified mail carrier. Petitioner further argues that the proposed discovery demand is unduly burdensome, not narrowly tailored and the delays inherent in the granting of discovery would be prejudicial to Petitioner. In the alternative, Petitioner argues that if discovery is granted Respondent should be required to pay use and occupancy.
On reply, Respondent's attorney argues that, "Respondents put forward multiple pieces of evidence demonstrating the necessity of discovery," Attorney's Reply Affirmation at ¶ 4, and includes, as additional evidence, photographs of (a) two pieces of mail addressed to the basement apartment, one with an individual's name on it and the other addressed to "New York City Resident" (Exhibit A/NYSCEF Doc # 18); and (b) two mailboxes, one labelled "1R APT — Box 1 of 3" and another unlabeled one (Exhibit B [FN3]
/NYSCEF Doc # 19). Respondent's attorney states, "the legal units have a labelled mailbox, while the basement apartments use a mail bin which has multiple names on it."[FN4]
Reply Affirmation at ¶ 10. 
DISCUSSION
A party requesting discovery in a special proceeding must obtain leave of court, CPLR § 408, and to obtain such leave, must demonstrate "ample need." Mautner-Glick Corp v Higgins (64 Misc 3d 16, 101 NYS3d 810 [App Term 1st Dep't 2019]); W 148 LLC v McCracken (59 Misc 3d 143[A], 108 NYS3d 260 [1st Dep't 2018]); Ludor Props LLC v De Brito (48 Misc 3d 142[A], 22 NYS3d 137 [App Term 1st Dep't 2015]); Antillean Holding Co v Lindley (76 Misc 2d 1044, 1047, 352 NYS2d 557 [Civ Ct NY Co 1973]). In determining whether a party has established "ample need", courts consider a number of factors, not all of which need to be present in every case, including whether the movant has asserted facts to establish a claim or defense; whether there is a need to determine information directly related to the claim or defense; whether the requested disclosure is carefully tailored and likely to clarify the disputed facts; whether prejudice will result from granting leave to conduct discovery; and whether any prejudice caused by granting a discovery request can be diminished by an order fashioned by the court for that purpose. See New York University v Farkas (121 Misc 2d 643, 647, 468 NYS2d 808 [Civ Ct NY Co 1983]), citing Antillean Holding Co v Lindley, supra.
Here, Respondent has failed to establish ample need for discovery on her de facto Rent [*3]Stabilization defense. Respondent does not report any observations of or conversations with people coming and going, the existence of six or more mailboxes and/or doorbells, or other indicia that the basement is occupied by at least two households separate from the four units on the first and second floors of the building. The allegation that "the basement apartments use a mail bin which has multiple names on it," Reply Affirmation at ¶ 10, is not borne out by the photographs. Despite having lived in the building for ten years, Respondent makes no assertions as to her personal knowledge of anyone else living there. The DOB records reflecting multiple inspections of the premises provide no indication that the building has at any point contained any illegal units in addition to the four legal ones. Compare, e.g., 3630 Holland LLC v Davis (66 Misc 3d 1221[A], 121 NYS3d 524 [Civ Ct Bx Co 2019])(granting discovery to respondent on de facto Rent Stabilization defense where motion was supported by two affidavits detailing personal observations including that, "(i) there are seven mailboxes and six doorbells in the building; (ii) there are six (6) or seven (7) residential units or more because there are two units on each of the three floors of the building, as well as a basement apartment; (iii) respondent has observed an individual sleeping on a couch in the empty storefront on the first floor of the building; (iv) the storefront has a full bathroom, including a shower; (v) respondent observed a man and woman stay overnight in the basement, and that these individuals had a key to the basement"); One Cont Ave Corp v Hoxhaj (68 Misc 3d 1207[A]; 129 NYS3d 62 [Civ Ct Qns Co 2020])(granting discovery on de facto Rent Stabilization defense where motion supported by affidavits which "describe the layout of the building and identify at least 8 units being used residentially"); Yahweh Nissi 183 Corp v Ross (2019 NYLJ LEXIS 4496 [Civ Ct NY Co 2019]) (granting discovery on de facto Rent Stabilization defense where motion supported by respondent's affidavit describing "the second floor as two large apartments with four rooming units in each apartment, totaling eight rooms . . . [and] At least seven of the eight units have locks on the individual doors and the persons occupying them are not related to one another. . ..[and] She had personal conversations with them" and by documentation of "several open [HPD] violations . . . indicating there are illegal rooming units").
CONCLUSION
For the reasons stated above, it is hereby ORDERED that Respondent's motion for discovery is denied. This proceeding is restored to the Court's calendar for a pre-trial settlement conference on February 28, 2024 at 10:00 a.m. This constitutes the Decision and Order of the Court, which is being uploaded on NYSCEF.
Dated: January 9, 2024
Bronx, New York
Diane E. Lutwak, H.C.J.

Footnotes

Footnote 1: While the Petition names additional Respondents "John Doe" and "Jane Doe", as Sarah English is the only Respondent who appeared, references hereinafter to "Respondent" refer to her.

Footnote 2: The answer appears to be missing some paragraphs and/or pages; under the heading "As and for a First Affirmative Defense", whereas paragraphs 2 and 3 refer to a defense of lack of personal jurisdiction, paragraphs 7 and 8, which follow immediately after paragraph 3, assert a defense of failure to state a cause of action based on the claim that there are at least six apartments in the building and the apartment therefore is de facto subject to Rent Stabilization. Paragraphs 9 through 14, under the heading "As and for a Fifth Affirmative Defense" also assert that the apartment is subject to Rent Stabilization.

Footnote 3: Exhibit B includes two other photographs of unidentifiable images.

Footnote 4: Respondent's attorney's reply affirmation also refers to an Exhibit C, but no such exhibit was uploaded on NYSCEF.