Eltorai v Healy (2024 NY Slip Op 50541(U))

[*1]

Eltorai v Healy

2024 NY Slip Op 50541(U)

Decided on May 8, 2024

Civil Court Of The City Of New York, Queens County

Guthrie, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 8, 2024
Civil Court of the City of New York, Queens County

Omar Eltorai, Petitioner,

against
Laura Healy, THOMAS MCNULTY, JOHN DOE, JANE DOE, Respondents

Index No. L&T 317100/23

Jaime Lathrop, Esq.
The Law Offices of Jaime Lathrop P.C.
Brooklyn, NY 
Attorney for petitioner
Joseph J. Cassotta, Esq.
Wingate, Kearney & Cullen, LLP
New York, NY
Attorneys for respondents Laura Healy and Thomas McNulty

Clinton J. Guthrie, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondents' motion for discovery pursuant to CPLR §§ 408 and 3102:
Papers Numbered
Notice of Motion & All Documents Annexed 1 (NYSCEF #13-33)
Affirmation in Opposition & All Documents Annexed 2 (NYSCEF #34-35)
Affirmatio in Reply & All Documents Annexed 3 (NYSCEF #36-37)
Upon the foregoing cited papers, the decision and order on respondents' motion for discovery is as follows:
PROCEDURAL HISTORY
This summary nonpayment proceeding was filed in October 2023. Respondents Laura [*2]Healy and Thomas McNulty (hereinafter "respondents"), through counsel, filed a verified answer with counterclaims on October 23, 2023. After an initial adjournment, the court permitted respondents' attorney to make a motion for discovery. After subsequent adjournments for briefing and conferencing, the court heard argument on respondents' motion for discovery on May 1, 2024.[FN1]

DISCUSSION
Respondents seek leave to conduct discovery in relation to their affirmative defense and counterclaim based on an alleged breach of the warranty of habitability under Real Property Law (RPL) § 235-b. Petitioner opposes the motion in all respects.
Pursuant to CPLR § 408 (which applies to special proceedings), "leave of court shall be required for disclosure except for a [notice to admit]." The standard that has developed for obtaining leave of court is "ample need," which is predicated on the demonstration of the six factors first set out in New York University v. Farkas, 121 Misc 2d 643 [Civ Ct, NY County 1983, Saxe, J.]. The factors are as follows: (1) whether the party seeking discovery has asserted facts to establish a cause of action; (2) whether there is a need to determine information directly related to the cause of action; (3) whether the requested disclosure is carefully tailored and is likely to clarify the disputed facts; (4) whether prejudice will result from the granting of an application for disclosure; (5) whether the prejudice can be diminished or alleviated by an order fashioned by the court for this purpose; and (6) whether the court, in its supervisory role, can structure discovery so that pro se tenants, in particular, will be protected and not adversely affected by discovery requests (see Farkas, 121 Misc 2d at 647; see also Georgetown Unsold Shares, LLC v. Ledet, 130 AD3d 99, 106-107 [2d Dept 2015]; Lonray, Inc. v. Newhouse, 229 AD2d 440, 440-441 [2d Dept 1996]). More recently, some lower courts have focused the "ample need" inquiry on whether discovery "will speed a case towards a fair resolution, whether by stipulation or trial." Temo Realty LLC v. Herrera, 82 Misc 3d 299, 301 [Civ Ct, Kings County 2023] [citing 50th St. HDFC v. Abdur-Rahim, 72 Misc 3d 1210[A], 2021 NY Slip Op 2021 NY Slip Op 50693[U] [Civ Ct, Kings County 2021] and 717 Sterling Corp. v. Cook, 78 Misc 3d 1224[A], 2023 NY Slip Op 50345[U] [Civ Ct, Kings County 2023]].
Respondents seek the production of documents related to their warranty of habitability defense and counterclaim. In support, they annex an affirmation from Thomas McNulty and various exhibits, including Con Edison bills, NYC Department of Housing Preservation and Development (DHPD) complaints, and mold inspection reports and lab results. Petitioner annexes an affirmation made pursuant to CPLR § 2106, which tersely denies the allegations in [*3]respondents' counterclaims and states that respondents are in possession of the evidence needed to prove their claims. 
Upon due consideration of the parties' respective arguments, the court finds that respondents have shown ample need for discovery of a limited portion of the documents that they seek. Insofar as some of the document requests are effectively interrogatories, the court does not find that those requests (Numbers 4, 5, 7, 9, 11, 12, 13, and 15) are sufficiently "carefully tailored" to warrant discovery (Farkas, 121 Misc 2d at 647). Another request seeks communications with respondents (Number 2). The court does not find that there is ample need for communications with respondents, who presumably possess copies of any such communications. Additional documents go directly to the theory of petitioner's case overall and are overly broad, as they seek either "all documents supporting a factual basis" for petitioner's allegations and all documents that petitioner intends to introduce at trial (Numbers 1 and 17).
Nonetheless, the court finds that Requests Numbered 3, 6, 8, 10, and 14 are carefully tailored and designed to clarify issues at trial and/or move the parties towards settlement (see Farkas, 121 Misc 2d at 645; Temo Realty LLC, 82 Misc 3d at 301).[FN2]
 Thus, respondent's motion is granted to the extent that petitioner is ordered to produce documents from March 1, 2022 through February 27, 2024 that are responsive to Requests Numbered 3, 6, 8, 10, and 14 and/or, for any categories where it would be appropriate, a proper Jackson affidavit, to respondents' attorneys on or before June 10, 2024. The remainder of respondent's motion is denied for the reasons stated herein; to the extent that the court has not otherwise addressed the merits, the court has considered them and finds them unavailing.
CONCLUSION
Respondents' motion is granted to the extent detailed herein. The case will be restored to the Part B calendar on July 8, 2024 at 9:30 AM for all purposes, including trial transfer. In the event that respondents seek to make any motion to compel discovery or for other discovery-related relief, the motion shall be brought by order to show cause and filed no later than June 26, 2024. The court will supervise any matters related to discovery (see Farkas, 121 Misc 2d at 647) and will make itself available for a virtual conference should the need arise. An attorney requesting a discovery conference shall make a letter request on NYSCEF and email the same to qn-housing-403&commat;nycourts.gov. This Decision/Order will be filed to NYSCEF.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Dated: May 8, 2024
Queens, New York
HON. CLINTON J. GUTHRIE
J.H.C.

Footnotes

Footnote 1:It became undisputed after conferencing that respondents had vacated the subject premises after commencement of the instant proceeding. Under existing appellate caselaw, the court does not lose subject matter jurisdiction solely as a result of respondents' vacatur during the pendency of the proceeding (see Tzifil Realty Corp. v. Mazrekaj, 78 Misc 3d 128[A], 2023 NY Slip Op 50278[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]; 92 Bergenbrooklyn, LLC v. Cisarano, 50 Misc 3d 21, 25 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; but see Tzifil Realty Corp. v. Mazrekaj, 81 Misc 3d 1205[A], 2023 NY Slip Op 51271[U], *2-3 [Civ Ct, Kings County 2023] [Holding that a landlord's acceptance of a tenant's surrender and re-renting the apartment deprived the court of jurisdiction to enter a monetary judgment because no concomitant possessory judgment could be granted]). 

Footnote 2:The court notes that in Farkas, Judge Saxe specifically referenced claims of the breach of warranty of habitability as being beneficially served by a grant of discovery because the issues therein are "often complex and intensely disputed." (121 Misc 2d at 646).