601 Seneca LLC v Karczewski (2024 NY Slip Op 51579(U))

[*1]

601 Seneca LLC v Karczewski

2024 NY Slip Op 51579(U)

Decided on November 14, 2024

Civil Court Of The City Of New York, Queens County

Guthrie, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through November 21, 2024; it will not be published in the printed Offical Reports.

Decided on November 14, 2024
Civil Court of the City of New York, Queens County

601 Seneca LLC, Petitioner,

against
Michael Karczewski, 'JOHN DOE', 'JANE DOE', Respondents.

Index No. L&T 314710/23

David Troupp, Esq.
Hertz, Cherson & Rosenthal, P.C.
Forest Hills, NY Attorneys for petitioner
Adam Coretz, Esq.
New York Legal Assistance Group
New York, NY
Attorneys for respondent Michael Karczewski

Clinton J. Guthrie, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent's motion for discovery pursuant to CPLR § 408 and petitioner's cross-motion for summary judgment and dismissal of respondent's defenses pursuant to CPLR §§ 409(b), 3211(b), and 3212, or, in the alternative, for use and occupancy pursuant to RPAPL § 745:
Papers Numbered
Notice of Motion & All Documents Annexed 1 (NYSCEF #8-21)
Notice of Cross-Motion & All Documents Annexed 2 (NYSCEF #23-51)
Affirmations in Opposition and in Further Support & All Documents Annexed 3 (NYSCEF #52-53)
Upon the foregoing cited papers, the decision and order on respondent's motion and petitioner's cross-motion, consolidated for determination herein, is as follows.
[*2]PROCEDURAL HISTORY
This summary holdover proceeding based upon a 90-day notice of termination was filed in August 2023. Respondent Michael Karczewski (hereinafter "respondent") appeared through counsel, who filed an answer on 15, 2023. In February 2024, respondent filed a motion for discovery related to his defenses that the subject premises is de facto rent stabilized and/or part of a horizontal multiple dwelling subject to rent stabilization. Petitioner opposed the motion and cross-moved for summary judgment and to strike respondent's defenses, or, in the alternative for use and occupancy. After briefing, the court heard argument on both motions on May 7, 2024 and reserved decision.
RESPONDENT'S MOTION
The court first assesses respondent's motion for discovery, as the general rule is that "[a] party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment." (Salameh v. Yarkovski, 156 AD3d 659, 660 [2d Dept 2017]; see also CPLR § 3211(f)). Nonetheless, as this is a special proceeding governed by Article 4 of the CPLR, discovery may only be granted by leave of court upon showing of an ample need for disclosure (see CPLR § 408; Georgetown Unsold Shares, LLC v. Ledet, 130 AD3d 99, 106 [2d Dept 2015]; New York University v. Farkas, 121 Misc 2d 643, 647 [Civ Ct, NY County 1983, Saxe, J]). 
Typically, the assessment of ample need is grounded in the six factors enumerated by Judge David B. Saxe in Farkas: (1) whether the party seeking discovery has asserted facts to establish a cause of action; (2) whether there is a need to determine information directly related to the cause of action; (3) whether the requested disclosure is carefully tailored and is likely to clarify the disputed facts; (4) whether prejudice will result from the granting of an application for disclosure; (5) whether the prejudice can be diminished or alleviated by an order fashioned by the court for this purpose; and (6) whether the court, in its supervisory role, can structure discovery so that pro se tenants, in particular, will be protected and not adversely affected by discovery requests (see Farkas, 121 Misc 2d at 647). More recently, some lower courts, including this one, have also considered whether discovery "will speed a case towards a fair resolution, whether by stipulation or trial." (Temo Realty LLC v. Herrera, 82 Misc 3d 299, 301 [Civ Ct, Kings County 2023] [citing 50th St. HDFC v. Abdur-Rahim, 72 Misc 3d 1210[A], 2021 NY Slip Op 2021 NY Slip Op 50693[U] [Civ Ct, Kings County 2021] and 717 Sterling Corp. v. Cook, 78 Misc 3d 1224[A], 2023 NY Slip Op 50345[U] [Civ Ct, Kings County 2023]]; Eltorai v. Healy, 82 Misc 3d 1245[A], 2024 NY Slip Op 50541[U] [Civ Ct, Queens Count 2024]).
In support of the motion for discovery, respondent states in an affirmation that the subject building has contained eight (8) residential units since he moved in (in September 2014). Specifically, he states that there were four (4) residential units on the second floor and four (4) residential units on the third floor, all occupied when he moved in. He further states that seven of the eight units were occupied at the time he signed his affirmation in February 2024. Separately, respondent states that the neighboring building, 603 Seneca Avenue, also has eight (8) residential units and that the buildings have shared architectural features, a shared basement, and a long history of common ownership. Also annexed in support of respondent's motion are photographs of the second and third floors of 601 Seneca Avenue, deeds for both 601 Seneca Avenue and 603 Seneca Avenue, proposed discovery demands (including document demands, a demand for inspection, interrogatories, and a notice to take a deposition), and Housing Court decisions relevant to his requests. 
In opposition to respondent's motion (and in support of the cross-motion for summary judgment), petitioner annexes an affirmation from Jason Quinn, the registered managing agent and a member of 601 Seneca LLC, as well as several exhibits. Petitioner, via Mr. Quinn's affirmation and the exhibits, avers that it became owner of the subject building via a deed dated October 22, 2022, and that 603 Seneca LLC became owner of 603 Seneca Avenue on the same date, by separate deed. Petitioner also asserts that the two properties have different block and lot numbers, separate I-Cards (a certificate of occupancy, which was issued after an alteration in the 1980s, only exists for 601 Seneca Avenue), separate multiple dwelling registrations (MDRs), separate property taxes and assessed values, separate entrances and mailboxes, different commercial tenants on the ground floors, and separate building systems. Petitioner also annexes floor plans for the second and third floors and leases for the third floor units at 601 Seneca Avenue, in an attempt to demonstrate that there were only two (2) residential units on each floor. Petitioner argues that its evidence establishes that the subject premises are not subject to rent stabilization and that discovery should be denied as a result.
In reply (and in opposition to petitioner's cross-motion), respondent submits an affirmation that reiterates that there are four (4) separate units on the second floor of his building, and explains that there were two units labeled "2-L" and that until February 28, 2024, there was a door with a lock between a shared kitchen and the other unit labeled "2-L." He also states that the same holds on the third floor, with two units labeled "3-L" and two labeled "3-R," and describes who is living in each unit. With regard to the floor plans annexed by petitioner, he states that they neglect to show that the labeled units were actually divided into two. As for the evidence of separate ownership, blocks and lots, and facilities proffered by petitioner to refute the claim of a horizontal multiple dwelling, respondent nonetheless reiterates the common exterior, identical decorative molding, common roof, shared basement, and history of common ownership.
The Appellate Term, Second Department has held that once a tenant "[takes] issue with the petitioner's allegation that the building is not subject to rent regulation, it [is] landlord's burden to prove its claim (TJA Realty, LLC v. Hermosa, 56 Misc 3d 130[A], 2017 NY Slip Op 50858[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). In the context of a claim that the subject premises is part of a horizontal multiple dwelling, the landlord has the "burden of establishing that the building . . . was not part of a horizontal multiple dwelling at any time since January 1, 1974." (Ortiz v. Dharmnath, 83 Misc 3d 38, 40 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024] [emphasis added]; see also Hermosa, 2017 NY Slip Op 50858[U], *2 ["Landlord demonstrated neither that the two buildings did not constitute a horizontal multiple dwelling on January 1, 1974, nor that the determination as to whether the buildings are subject to rent stabilization as a horizontal multiple dwelling should be made as of a later date."]).
The burden of demonstrating that the subject premises is not rent regulated is also upon petitioner when a de facto rent stabilization defense based on the subject building containing six or more housing accommodations is interposed (see 124 Meserole, LLC v. Recko, 55 Misc 3d 146[A], 2017 NY Slip Op 50686[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). The Appellate Term, Second Department has held that once a building constructed before 1974 contains six or more residential units, all of the units are brought under rent stabilization, even if the number of units is subsequently reduced to less than six (Recko, 2017 NY Slip Op 50686[U], *3 [citing, inter alia, Rashid v. Cancel, 9 Misc 3d 150[A], 2005 NY Slip Op 51585[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005]). Furthermore, illegal units and individually-rented [*3]rooms may be counted in assessing whether there are six or more housing accommodations (see Robrish v. Watson, 48 Misc 3d 143[A], 2015 NY Slip Op 51299[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Joe Lebnan, LLC v. Oliva, 39 Misc 3d 31 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). 
Upon assessing the parties' submissions, the court finds that respondent has adequately "taken issue" with the rent regulatory status of the subject premises by pleading that it is de facto rent stabilized by reason of containing more than six housing accommodations after January 1, 1974 and that it is part of a horizontal multiple dwelling with the neighboring building, 603 Seneca Avenue. Petitioner's proof in opposition to respondent's discovery motion and in support of its cross-motion for summary judgment is not adequate to meet its burden that the premises is exempt from rent stabilization. While petitioner's agent asserts that there are less than six housing accommodations in the subject building and leases and floor plans are proffered in support of the assertion, the agent, Mr. Quinn, admits that petitioner only became the owner in October 2022 and that it does not have records going back to 1974 (Quinn Aff., ¶¶ 6, 28-29). Thus, it has not refuted respondent's averments as to the layout of the building and number of housing accommodations when he became a tenant in 2014 and thereafter, until petitioner was conveyed the property. Moreover, petitioner does not provide any credible refutation to the detailed statements in respondent's affirmation in opposition and reply that multiple single units shown on the floor plans had actually been divided into two discrete units (Karczewski Aff. (5/6/24), ¶¶ 6-12).
As this court has observed elsewhere (see One Cont. Ave. Corp. v. Hoxhaj, 68 Misc 3d 1207[A], 2020 NY Slip Op 50878[U], *4 [Civ Ct, Queens County 2020]), "the issue of rent stabilization coverage is of compelling importance." (Citing, inter alia, Matter of Santiago-Monteverde, 24 NY3d 283, 290 [2014] ["Rent stabilization provides assistance to a specific segment of the population that could not afford to live in New York City without a rent regulatory scheme."]). As respondent has validly put into issue the issue of rent stabilization coverage, which petitioner has not rebutted via its opposition and cross-motion, and has articulated a basis to obtain information and documentation in petitioner's possession, ample need for discovery has been demonstrated (see Farkas, 121 Misc 2d at 647).
Accordingly, respondent's motion is granted for the foregoing reasons, and petitioner's cross-motion for summary judgment is denied, as issues of fact exist as to whether the subject premises is subject to rent stabilization. The court finds that respondent's notice of deposition is unduly broad as to who respondent seeks to depose ("any and all co-owners, managers, and/or agents involved in renting the subject building"), so the court will not require a deposition at this juncture. The court also finds that the interrogatories seek information that substantially overlaps with the information sought via the document demands. Thus, the court will require petitioner to comply with respondent's document production demands and notice of inspection.[FN1]
[*4]The court recognizes that petitioner has asserted that it only became owner of the subject building in October 2022 and does not have records going back to 1974. Thus, petitioner shall produce documents responsive to respondent's document demands, excepting any documents submitted in opposition to respondent's motion, or a valid Jackson affidavit for items where one is appropriate. All responsive documents (and Jackson affidavit if appropriate) shall be produced to respondent's attorneys by December 23, 2024. The inspection shall be noticed for a date within 30 days thereafter. The parties shall take all reasonable steps to schedule an inspection on a mutually-agreeable date.
The proceeding will be marked off-calendar pending discovery. The proceeding may be restored by two-attorney stipulation or by order to show cause. Before any discovery-related relief is sought, the party who would seek such relief shall first email the Part (qn-housing-403@nycourts.gov) to request a virtual conference with the court. 
Finally, the court will address respondent's request for use and occupancy in its cross-motion. In the context of summary proceedings, pre-trial use and occupancy may only be granted within the confines of RPAPL § 745 (see Front St. Rest. Corp. v. Ciolli, 55 Misc 3d 104, 106 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Myrtle Ventures Five, LLC v. Eye Care Opt. of NY, Inc., 48 Misc 3d 4, 6 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Quality & Ruskin Assoc. v. London, 8 Misc 3d 102, 105 [App Term, 2d Dept, 2d & 11th Jud Dists 2005]). Under the plain language of RPAPL § 745, the court may only award pendente lite use and occupancy upon:
"[T]he second of two adjournments granted solely at the request of the respondent, or upon the sixtieth day after the first appearance of the parties in court less any days that the proceeding has been adjourned upon the request of the petitioner, counting only days attributable to adjournment requests made solely at the request of the respondent and not counting an initial adjournment requested by a respondent unrepresented by counsel for the purpose of securing counsel, whichever occurs sooner . . . upon consideration of the equities[.]" (RPAPL § 745(2)(a)).
Here, the case was first adjourned for respondent to retain counsel. This adjournment is not countable under RPAPL § 745. Thereafter, nothing in the court's records shows that an adjournment was made "solely at the request of the respondent." Adjournments made on consent are not counted for RPAPL § 745 purposes (Myrtle Ventures Five, LLC, 48 Misc 3d at 6). Therefore, petitioner has not established that two adjournments (exclusive of the initial adjournment to obtain counsel) or sixty days' worth of adjournments solely attributable to respondent have occurred/elapsed. Petitioner's request for use and occupancy is denied without prejudice as a result.
The parties' respective motions are disposed according to the determinations made herein. This Decision/Order will be filed to NYSCEF.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Dated: November 14, 2024
Queens, New York
HON. CLINTON J. GUTHRIE
J.H.C.

Footnotes

Footnote 1:The court finds that the request for an inspection is carefully-tailored in these circumstances (see Lashley-Smith v. Bradshaw, 66 Misc 3d 143[A], 2020 NY Slip Op 50179[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; 360-362 Lafayette, LLC v. Brown, 81 Misc 3d 1231[A], 2024 NY Slip Op 50041[U], *3 [Civ Ct, Kings County 2024]). As the MDRs for both 601 Seneca Avenue and 603 Seneca Avenue list Jason Quinn as managing agent, and the deeds for both properties list the buyers as having the same address, the court infers that petitioner is sufficiently entwined with 603 Seneca LLC to provide access to both properties.