**Stahl Assoc. LLC v Cataldo**

2026 NY Slip Op 30085(U)

January 23, 2026

Civil Court of the City of New York, New York County

Docket Number: Index No. L&T 317188/24

Judge: Clinton J. Guthrie

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART D
-----------------------------------------------------------------X

STAHL ASSOCIATES LLC,                               Index No. L&T 317188/24

                          Petitioner,

          -against-                                 **DECISION/ORDER**

LISA CATALDO, JOHN DOE, JANE DOE,

                          Respondents.
-----------------------------------------------------------------X
Present:

          Hon. <u>CLINTON J. GUTHRIE</u>
                    Judge, Housing Court

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of petitioner's motion for discovery pursuant to CPLR §§ 408 and 3107 <u>and</u> respondent's cross-motion for discovery pursuant to CPLR §§ 408 and 3107:

| **Papers** | **Numbered** |
|---|---|
| Notice of Motion & All Documents Annexed…………….......  | 1 (NYSCEF #9-12) |
| Notice of Cross-Motion & All Documents Annexed......……........ | 2 (NYSCEF #15-25) |
| Affirmation in Reply and in Opposition……...……………….. | 3 (NYSCEF #27) |
| Reply Affirmation (Cross-Motion) & Exhibit Annexed…………. | 4 (NYSCEF #29) |

Upon the foregoing cited papers, the decision and order on petitioner's motion and respondent's

cross-motion, consolidated for determination herein, is as follows.

<u>PROCEDURAL HISTORY</u>

This summary holdover proceeding based upon a combined notice of termination and

notice of nonrenewal alleging nonprimary residence was filed in September 2024.  Respondent

appeared through counsel and interposed an answer in October 2024.  Subsequently, both parties

filed motions for discovery.  After briefing, this court heard argument on the motions on July 17,

2025.

1

[* 1]

## DISCUSSION/CONCLUSION

I.       <u>Petitioner's Motion for Discovery</u>

In this special proceeding governed by Article 4 of the CPLR, discovery may only be granted by leave of court upon showing of an ample need for disclosure (*see* CPLR § 408; *Georgetown Unsold Shares, LLC v Ledet*, 130 AD3d 99, 106 [2d Dept 2015]; *Mautner-Glick Corp. v Higgins*, 64 Misc 3d 16, 18 [App Term, 1st Dept 2019]; *New York University v Farkas*, 121 Misc 2d 643, 647 [Civ Ct, NY County 1983, Saxe, J]).

Typically, the assessment of ample need is grounded in the six factors enumerated by Judge David B. Saxe in *Farkas*: (1) whether the party seeking discovery has asserted facts to establish a cause of action; (2) whether there is a need to determine information directly related to the cause of action;  (3) whether the requested disclosure is carefully tailored and is likely to clarify the disputed facts; (4) whether prejudice will result from the granting of an application for disclosure; (5) whether the prejudice can be diminished or alleviated by an order fashioned by the court for this purpose; and (6) whether the court, in its supervisory role, can structure discovery so that pro se tenants, in particular, will be protected and not adversely affected by discovery requests (*see Farkas*, 121 Misc 2d at 647).  More recently, some lower courts have also considered whether discovery "will speed a case towards a fair resolution, whether by stipulation or trial." (*Temo Realty LLC v Herrera*, 82 Misc 3d 299, 301 [Civ Ct, Kings County 2023] [citing *50th St. HDFC v Abdur-Rahim*, 72 Misc 3d 1210[A], 2021 NY Slip Op 50693[U] [Civ Ct, Kings County 2021] and *717 Sterling Corp. v Cook*, 78 Misc 3d 1224[A], 2023 NY Slip Op 50345[U] [Civ Ct, Kings County 2023]]; *see also 109th Affordable Hous. LLC v Beck*, 2025 NY Slip Op 32735[U], *2 [Civ Ct, NY County 2025]).

[* 2]

Petitioner seeks discovery in relation to its claim that respondent does not primarily reside in the subject premises. There is a general presumption in favor of discovery upon nonprimary residence claims in summary proceedings (*see Hughes v Lenox Hill Hosp.*, 226 AD2d 4, 18 [1st Dept 1996], *lv denied* 90 NY2d 829 [1997]; *Cox v JD Realty Associates*, 217 AD2d 179, 183-184 [1st Dept 1995]). Respondent opposes those discovery demands that she claims are outside the relevant time-period (the two years prior to the expiration of her last lease), overly broad, or already produced to petitioner.

Upon due consideration, petitioner's motion for discovery is granted, subject to the following limitations. Respondent shall produce items responsive to petitioner's document demands <u>except</u> those numbered 3, which the court finds to be overly broad, and 31, since petitioner is presumed to possess communications between respondent and itself. Respondent shall be required to produce documents for the period from August 1, 2022 through July 31, 2024. While there is appellate support for evaluating the entire history of the tenancy in nonprimary residence cases (*see 615 Co. v Mikeska*, 75 NY2d 987, 988 [1990]), petitioner does not offer a sufficient basis in its motion for requiring discovery for the period prior to the most recent lease term. The responsive documents and/or appropriate *Jackson* affidavit shall be produced to petitioner's attorneys no later than February 27, 2026. Respondent shall not be required to re-produce any relevant documents already produced to petitioner or petitioner's attorneys after the date of petitioner's notice of termination/nonrenewal. Petitioner shall be permitted to schedule a deposition of respondent thereafter, but in no event later than April 10, 2026, unless by agreement of the parties.

3

[* 3]

II.     Respondent's Cross-Motion for Discovery

Respondent's cross-motion seeks discovery in relation to her defense that any absence was excusable due to the condition of the subject premises and to petitioner's allegation of illegal subletting.  Petitioner opposes the cross-motion in its entirety.

Where an absence from an apartment is "attributable to a credible, excusable reason," it will constitute a defense to a nonprimary residence proceeding (*Emel Realty Corp. v Carey*, 188 Misc 2d 280, 282 [App Term, 1st Dept 2001]; *see also Second 82nd Corp. v Veiders*, 51 Misc 3d 142[A], 2016 NY Slip Op 50652[U], *1 [App Term, 1st Dept 2016] [citing Rent Stabilization Code (RSC) [9 NYCRR] §§ 2520.6(u) and 2523.5(b)(2)]).  Respondent details in her affidavit in support of the cross-motion a series of water leaks in the subject apartment and resulting damage and mold that made the apartment temporarily uninhabitable.  Respondent also annexes emails with petitioner about the conditions, a report of a licensed mold assessor, Department of Housing Preservation and Development (HPD) complaints and violations, and a draft relocation agreement purportedly prepared by petitioner's attorneys.

Upon this showing, the court finds that respondent has set forth sufficient support for her defense based on an excusable absence from the subject premises and a nexus with the documents sought in her discovery demand, which likely speed the proceeding towards a fair resolution and clarify disputed facts, for partial discovery to be granted (*see Farkas*, 121 Misc 2d at 647; *Herrera*, 82 Misc 3d at 301).  Petitioner shall produce documents responsive to respondent's request for production Numbered 2-4; provided, however, the production shall be limited to those records concerning the building exterior and respondent's apartment.  The court does not find ample need to exist for production of documents for other residential units over

4

[* 4]

which the court does not have jurisdiction. The documents shall be produced to respondent's attorneys no later than February 27, 2026. The court does not find that respondent has set forth a sufficient basis for petitioner to produce records of alleged subletting on this record (*see W 148 LLC v McCracken*, 59 Misc 3d 143[A], 2018 NY Slip Op 50717[U] [App Term, 1st Dept 2018]; *Ludor Props. L.L.C. v De Brito*, 48 Misc 3d 142[A], 2015 NY Slip Op 51261[U] [App Term, 1st Dept 2015] [citing *Valor Realty LLC v Ragno*, 48 Misc 3d 142[A], 2010 NY Slip Op 50062[U] [App Term, 1st Dept 2010]). Nor does the court find ample need to exist, at this juncture, for a deposition of any of petitioner's agents or employees. Respondent is permitted to renew this request if a compelling basis is shown after document production has occurred. Thus, respondent's cross-motion is granted to the foregoing extent and is otherwise denied.

The proceeding will be marked off-calendar pending the completion of discovery. Any party seeking discovery-related relief, including but not limited to a motion to compel or motion for discovery sanctions, must first seek a virtual discovery conference with the court by emailing ny-housing-524@nycourts.gov. The proceeding may be restored to the court's calendar by 2-attorney stipulation or a motion on at least 8 days' notice by either party.

This Decision/Order will be filed to NYSCEF.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Dated: New York, New York
        January 23, 2026

APPROVED
CGUTHRIE , 1/23/2026, 5:20:57 PM

_____
HON. CLINTON J. GUTHRIE, J.H.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| MOTION SEQ. #: 1 | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| MOTION SEQ. #: 2 | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| CHECK IF APPROPRIATE: | | SETTLE ORDER | | | | SUBMIT ORDER | | STAY CASE |
| | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |
| NOTES | | | | | | | | |

5

[* 5]