Lex & Third 116th St. Corp. v Vargas

2026 NY Slip Op 50592(U)

April 28, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Landlord and Tenant—Summary Proceedings--Discovery--Ample Need

Lex & Third 116th Street Corp., Petitioner-Landlord-Respondent,

v

Rosa Vargas, Respondent-Tenant-Appellant, and Moises Mendoza, "John Doe," and "Jane Doe," Respondents.

Supreme Court, Appellate Term, First Department

Decided on April 28, 2026

570014/26

Present: Brigantti, J.P., Tisch, Alpert, JJ.

Tenant Rosa Vargas appeals an order of the Civil Court of the City of New York, New York County (Tracy E. Ferdinand, J.), dated November 12, 2024 which denied her motion for discovery in a nonpayment summary proceeding.

[*1]

Per Curiam.

Order (Tracy E. Ferdinand, J.), dated November 12, 2024, reversed, with $10 costs, motion granted and matter remanded for further proceedings consistent herewith.

Civil Court improvidently exercised its discretion in denying tenant's motion for leave to conduct discovery relating to whether the subject premises constitutes a horizontal multiple dwelling (see 480-486 Broadway, LLC v No Mystery Sound, Inc., 11 Misc 3d 1056[A], 2006 NY Slip Op 50236[U] [Civ Ct, NY County, Scarpulla, J.], affd 16 Misc 3d 137[A], 2007 NY Slip Op 51730[U] [App Term, 1st Dept 2007]). Tenant demonstrated "ample need" for the disclosure on this issue (New York Univ. v Farkas, 121 Misc 2d 643, 647 [Civ Ct, NY County 1983]), since landlord possesses particular knowledge of the ownership, management and other relevant factors related to the three buildings at issue, and in view of tenant's showing of some indicia of common facilities, ownership, management, and operation (see Matter of Julia 455, LLC v State of NY, Div. of Hous. & Community Renewal, 104 AD3d 686, 687 [2013]). Accordingly, "the motion for discovery in the summary proceeding under CPLR 408 was improperly denied" (Matter of West Pierre Assoc. LLC v Harvey, 241 AD3d 413, 414 [2025]; see Mautner—Glick Corp. v Higgins, 64 Misc 3d 16, 18 [App Term, 1st Dept 2019]).

However, since the demands are overbroad, we remand the matter to Civil Court to limit the scope of discovery as it deems proper.

All concur.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court

Decision Date: April 28, 2026