Jekielek v 260 Partners, LP (2023 NY Slip Op 06203)

Jekielek v 260 Partners, LP

2023 NY Slip Op 06203

Decided on November 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 30, 2023

Before: Kapnick, J.P., Webber, Singh, Moulton, Scarpulla, JJ. 

Index No. 161176/17 Appeal No. 1125 Case No. 2023-02106 

[*1]Kyle Jekielek et al., Plaintiffs-Respondents,
v
260 Partners, LP, Defendant-Appellant.

Rose & Rose, New York (Paul Coppe of counsel), for appellant.
Zingman & Associates PLLC, New York (Mitchell S. Zingman of counsel), for respondents.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered October 24, 2022, which granted plaintiffs' motion for summary judgment on their rent overcharge claims and set the matter down for a hearing to calculate damages under the default formula set forth in Rent Stabilization Code (RSC) (9 NYCRR) § 2522.6(b)(3), unanimously modified, on the law, to deny the motion with respect to the calculation of damages based on the default formula, to clarify that the base date for the calculation of damages is December 18, 2013, to remand the matter for further proceedings consistent herewith, and otherwise affirmed, without costs.
The motion court properly granted summary judgment as to liability on plaintiffs' claim for rent overcharges based on defendant's admission that plaintiffs were overcharged as a result of defendant's treatment of the apartment as deregulated while it continued to receive benefits for the building through New York City's J-51 program, during which period, as defendant now acknowledges, the apartment should have been treated as rent-stabilized under Roberts v Tishman Speyer Props., L.P. (13 NY3d 270 [2009]). Contrary to defendant's contention, it did not establish that the refund check proffered with its answer in this action constituted a full and proper calculation of plaintiffs' damages to warrant denial of the motion (cf. Tribbs v 326-338 E 100th LLC, 215 AD3d 480 [1st Dept 2023]).
We modify the order to deny plaintiffs' motion with respect to the calculation of damages, as questions of fact remain as to whether defendant's pre- and post-Roberts conduct rises to the level of fraud for the purposes of applying the default formula under RSC 2522.6(b)(3) (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 354 [2020]). In keeping with our recent decision in the related rent overcharge class action (NÁjera-OrdÓÑez v 260 Partners, L.P., 217 AD3d 580, 581 [1st Dept 2023]), because plaintiffs here have established some indicia of fraud in the rent history, they should have the opportunity to prove at trial that they can fulfill the elements of fraud in order for the default formula to apply to the calculation of their damages (see Matter of Regina Metro., 35 NY3d at 356 n 7). Specifically, we agree with the motion court that although an owner is not required to maintain records of individual apartment improvements indefinitely, here, defendant has not adequately rebutted plaintiffs' assertion that the significant rent increases in the rent history were based on fabricated individual apartment improvements, which is a question for the factfinder (see Jemrock Realty Co., LLC v Krugman, 13 NY3d 924, 926 [2010]; Fuentes v Kwik Realty LLC, 186 AD3d 435, 438 [1st Dept 2020]).
We also modify the order to clarify that irrespective of defendant's waiver of the statute of limitations, under RSC 2520.6(f)(1), the base date for the purposes of calculating damages is December 18, [*2]2013, four years before the filing of the complaint, as the filing of this action preceded the enactment of the Housing Stability and Tenant Protection Act of 2019 (L2019, ch 36), which extended the permissible period in which a tenant may collect damages for rent overcharges from four to six years (CPLR 213-a).
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 30, 2023