**37-07 147th Realty LLC v Tibaguy**

2025 NY Slip Op 32061(U)

June 9, 2025

Civil Court of the City of New York, Queens County

Docket Number: Index No. L&T 318176-23

Judge: Logan J. Schiff

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS: HOUSING PART D
----------------------------------------------------------------X
37-07 147TH REALTY LLC,

                            Petitioner,

             -against-

GLORIA TIBAGUY, et al

                       Respondents.
----------------------------------------------------------------X

Index No. L&T 318176-23

**DECISION/ORDER**

Mot. Seq. #5

Present:     Hon. <u>Logan J. Schiff</u>
                Judge, Housing Court

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of Respondent's motion to reargue this court's decision and order dated March 4, 2025: NYSCEF 50-61.

Upon review of the foregoing papers, after oral argument on May 28, 2025, the court hereby grants reargument and orders as follows:

**PROCEDRUAL HISTORY AND BACKGROUND**

       Petitioner filed the instant nonpayment on October 19, 2023, seeking possession based on Respondent's alleged default in payment of $5,100 in rent due pursuant to a rent-stabilized lease. Respondent interposed a pro se answer on February 8, 2024. On June 3, 2024, while still unrepresented, Respondent executed a stipulation of settlement, whereby she consented to a money and possessory judgment and agreed to pay $30,600 in rent owed through June 2024, plus ongoing rent by July 31, 2024. Respondent subsequently retained the Legal Aid Society on October 31, 2024. Thereafter, by order to show caused dated November 23, 2024, Respondent moved to vacate the pro se stipulation of settlement, interpose an amended answer asserting a rent overcharge defense and counterclaim, and, upon amendment, for summary judgment, or in

1

[* 1]

the alternative, for discovery. By decision and order dated March 4, 2025, this court granted Respondent's motion to the extent of vacating the stipulation and allowing the interposition of an amended answer, as the court found Respondent sufficiently alleged a colorable defense of rent overcharge based on a substantial increase to the legal rent charged to a preceding tenant in or around March 2017, following a 17-year period of temporary exemption for owner/employee occupancy. Relying on *Matter of Syllman v New York State Div. of Hous. & Community Renewal*, 233 AD3d 977 (2d Dept 2024), this court held that review of the rental history dating back June 14, 2015, was permissible pursuant to RSL § 26-516(h) as amended by the Housing Stability and Tenant Protection Act of 2019 (HSTPA) and Rent Stabilization Code (RSC) § 2526.7(a)(1)[1] for purposes of determining the legality of the rent charged and the validity of Petitioner's rent demand. However, the proposed counterclaim sounding in rent overcharge was stricken from the amended answer as lacking in merit. The court reasoned that, because the events in question occurred over four years prior to the date of the proposed claim—the base date for purposes of overcharge damages— and considering Respondent failed to demonstrate any indicia of a fraudulent scheme to deregulate, under the law in effect at the time the claim accrued, review of the rental history outside of the base date was barred. With respect to the request for leave to conduct discovery, the court held that while Respondent had demonstrated ample need, she had not attached the proposed demands as one of her exhibits and therefore this portion of the motion was denied without prejudice to renewal. The request for summary judgment was denied based on disputed material issues of fact as to the legal rent.

Respondent now moves to reargue from the branches of the order that disallowed the rent overcharge claim and denied the motion for discovery. As for the rent overcharge claim,

---

[1] The court's prior order erroneously cited to RSC § 2525(a)(1) rather than to RSC § 2526.7(a)(1).

2

Respondent argues the court overlooked the Division of Housing and Community Renewal's (DHCR) enactment of RSC § 2526.7 on November 8, 2023, allowing for review of the rental history as far back as June 14, 2015, in cases of unexplained rental increases, even where the rental history is not tainted by fraud. With respect to her motion for discovery, Respondent argues that her proposed demands were attached to the attorney affirmation in support of the original motion.

**DISCUSSION**

The branch of Respondent's motion seeking discovery as to her overcharge defense is granted, as she has demonstrated ample need for documents and other information outside her custody and control potentially relevant to determining the legal rent for the premises, a defense which is not subject to a strict four-year base date since it does not implicate retroactive monetary damages, and the court overlooked the proposed demands attached to the attorney affirmation (*see Matter of Syllman v New York State Div. of Hous. & Community Renewal*, 233 AD3d 977 [2d Dept 2024]; *603 N.J. Ave., LLC v Hall*, 74 Misc 3d 137 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]). The proposed demands and interrogatories attached to Respondent's moving papers are deemed filed and served (NYSCEF 28). However, the court strikes and disallows the second and third interrogatories as overbroad and irrelevant. Respondent's third document request is hereby deemed an interrogatory and is to be responded to as such. Petitioner is to provide its responses and produce any responsive documents within its custody or control within 45 days of this order. The court recognizes that Petitioner may not have retained all the records sought in light of DHCR's document retention policies in effect at the time of the incidents in question (*see Matter of Cintron v Calogero*, 15 NY3d 347, 354 [2010]).

3

Should this be the case, Petitioner is to submit an affidavit from a person with personal knowledge describing the efforts made to locate the requested materials.

The court adheres to its prior decision to the extent it disallowed Respondent's proposed counterclaim sounding in rent overcharge. The appellate courts in both the First and Second Departments have interpreted the Court of Appeals' holding in *Matter of Regina Metro. Co., LLC*, 35 NY3d at 361 (2020), rooted in substantive due process concerns, as precluding application of the HSTPA to any rent overcharge claim for money damages predicated on events that transpired prior to enactment of the statute on June 14, 2019. In other words, where the triggering event for an overcharge claim is a rental increase that occurred prior to June 14, 2019, the four-year rule embodied in the former RSL § 26-516 and CPLR 213-a, precludes review of the rental history beyond the four-year period immediately prior to interposition of the claim in the absence of indicia of a fraudulent scheme to deregulate. For instance, in *Bhawan 330 Realty LLC v Briones*, the Appellate Term in the Second Department held:

> "The overcharge affirmative defenses and counterclaims at issue are predicated on alleged conduct predating the enactment of the Housing Stability and Tenant Protection Act of 2019 ("HSTPA"). Thus, contrary to tenant's argument on appeal, the HSTPA does not apply (*see Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal*, 35 NY3d 332 [2020]). Applying the law in effect prior to the HSTPA, we are precluded from examining the subject apartment's rental history more than four years before the answer was interposed, unless tenant has "made a colorable claim of fraud by identifying substantial indicia, i.e., evidence, of a landlord's fraudulent deregulation scheme to remove an apartment from the protections of rent stabilization" (*id.* at 355 [internal quotation marks omitted])." 2025 NY Slip Op 50175 (App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2025).

The First Department has reached a similar conclusion. In *West Pierre Assoc. LLC v Harvey*, the Appellate Term held:

> "Here, tenant's overcharge claim and defense, interposed in 2022, are based solely upon a substantial increase in rent that occurred in 2014, years prior to the commencement of tenant's first lease in 2020. Therefore, pre-HSTPA law governs the parties' overcharge

4

[* 4]

dispute. Applying pre-HSTPA law, the four-year statute of limitations for overcharge claims and the four-year lookback rule preclude examination of an apartment's rental history more than four years before the interposition of an overcharge claim, unless tenant has made a colorable claim of fraud (see *Regina* at 355)." 81 Misc. 3d 139 (App Term, 1st Dept 2024).

*See also 310 E. 74 LLC v Mirea*, 226 AD3d 547 (1st Dept 2024).

The court finds unpersuasive Respondent's contention that these holdings were effectively superseded by DHCR's amendment of the Rent Stabilization Code on November 8, 2023, and enactment of RSC § 2526.7(a)(1) and (2), purportedly providing for a base date of June 14, 2015, in instances of unexplained rental increases on a rental history that do not rise to the level of a fraudulent scheme to deregulate, even for claims accruing pre-HSTPA. Although DHCR's position may be a rational interpretation of the *Regina* holding as it related to the Court of Appeals' substantive due process concerns with retroactive application of the HSTPA— namely that it would upset the state of "repose" in the rental industry— inasmuch as landlords were placed on notice as of the enactment of the HSTPA of the legislature's intention to modify and expand the lookback periods and liability for rent overcharge for claims that were not already time-barred (i.e. all post-June 14, 2015 claims), this is simply not how the appellate courts have interpreted *Regina*.[2] Furthermore, these decisions were issued well after the Rent Stabilization Code was amended in November 2023, and this court must presume the appellate courts were aware of and considered the most recent statutes and regulations, including RSC § 2526.7, even to the extent not argued by either party on appeal (*see e.g. Matter of 901 Brklyn Realty, LLC v Manigat*, 2025 MY Slip Op 03322 [2d Dept 2025]). Nor does DHCR have the

---

[2] Incidentally, one of the tenants in the consolidated *Regina* appeals sought reargument following the Court of Appeals' decision, seeking, among other things, clarity on this very issue, and for which an amicus brief was submitted by the Legal Aid Society (*see Taylor v 72A Realty Assocs., L.P.*, 2020 NY Slip Op 71278 [2020]). While the amicus was accepted, the motion was denied (*see* 2020 NY Slip Op 71277 [2020]).

power to override the appellate courts' judgment in this realm. While DHCR is afforded tremendous deference in matters within its administrative expertise, a role which includes "fill[ing] in the interstices in the legislative product by prescribing rules and regulations consistent with the enabling legislation" (*Portofino Realty Corp v New York State Div. of Hous & Community Renewal*, 193 AD3d 773 [2d Dept 2021]), such deference does not extend to matters of pure statutory or constitutional interpretation, which are the province of the courts, (*see e.g. Roberts v Tishman Speyer Props.*, 13 NY3d 270, 285 [2009]; RSL § 26-511(b) ["No provision of such code shall impair or diminish any right or remedy granted to any party by this law or any other provision of law."]). DHCR regulations that are contrary to law are invalid and unenforceable (*see Samson Mgt., LLC v Hubert*, 92 AD3d 932 [2d Dept 2012]).[3] Accordingly, RSC § 2526.7(a)(1) and (2) cannot be applied to work an end run around the appellate courts' interpretation of *Regina*, namely that review of the rental history outside a base date four years prior to interposition of an overcharge claim for money damages premised on conduct that transpired pre-HSTPA is cabined by former RSL § 26-516 and CPLR 213-a, subject only to the common law regulatory fraud exception.

Because here, the sole overcharge alleged concerns a single increase that occurred in 2017, well more than four years prior to the interposition of Respondent's proposed counterclaim on November 23, 2024, under pre-HSTPA law, Respondent was required to show a "colorable claim of fraud" to authorize review of the rental history beyond a base date of November 23, 2019, four years prior to interposition of the claim (*see Burrows v 75-25 153rd St. LLC*, 2025 NY

---

[3] To the extent it may be argued the appellate courts have potentially misinterpreted the Court of Appeals' holding in *Regina* as relates to the substantive due process implications of overcharge claims premised on claims that were not time-barred as of enactment of the HSTPA, as was the case with respect to the elements of a fraudulent scheme to deregulate so as to invoke the common law exception to the four-year rule (*see Burrows v 75-25 153rd St. LLC*, 2025 NY Slip Op 01669 [2025]), it is for the appellate courts not this court, to remedy.

6

[* 6]

Slip Op 01669 [2025]; *Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. Of Rent Admin.*, 16 NYD 3d 358 [2010]). No such showing of fraud was made. Nor would application of the recent Chapter Amendments (L 2024, ch 95, § 4) requiring a "totality of circumstances" analysis in assessing a common law fraud claim change the result, as the apartment indisputably remains subject to rent-regulation and the overcharge involves a single disputed increase (*see Matter of Boyd v New York State Div. of Hous. & Community Renewal*, 23 NY3d 999 [2014]). Therefore, Respondent is barred from seeking damages for any rent overcharge prior to a new determination of the current legal, regulated rent. As Respondent's proposed counterclaim is patently without merit, this court adheres to its original decision disallowing and striking it from the proposed answer (*see Wheeler v Linden Plaza Preserv. LP*, 172 AD3d 608 [1st Dept 2019]).

The court adheres to the remaining portions of its original decision, none of which are challenged by the movant.

This matter is hereby adjourned to July 23, 2025, in Part D at 930 a.m. for release to the trial part, provided discovery has been completed. This constitutes the decision and order of the court.

Dated:  Queens, New York
        June 9, 2025

_____
Hon. Logan J. Schiff, J.H.C.

7

[* 7]