Matter of West Pierre Assoc. LLC v Harvey (2025 NY Slip Op 04611)

Matter of West Pierre Assoc. LLC v Harvey

2025 NY Slip Op 04611

Decided on August 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 07, 2025

Before: Manzanet-Daniels, J.P., González, Shulman, Rodriguez, Pitt-Burke, JJ. 

Index No. 571132/23|Appeal No. 4015|Case No. 2024-03297|

[*1]In the Matter of West Pierre Associates LLC, Petitioner-Respondent,
v
Julia Harvey, Respondent-Appellant. The Legal Aid Society, Legal Services NYC, Tenant Voices Housing Rights Initiative, Inc. and Met Council Inc., Amici Curiae.

Collins, Dobkin & Miller, LLP, New York (Seth A. Miller of counsel), for appellant.
Rose & Rose, New York (Paul Coppe of counsel), for respondent.
The Legal Aid Society, New York (Evan Henley of counsel), for amicus curiae.
Jeremiah Schlotman, New York, for Legal Services NYC, amicus curie.
Himmelstein, McConnell, Gribben & Joseph LLP, New York (Ronald S. Languedoc of counsel), for Tenant Voices Housing Rights Initiative, Inc., and Met Council Inc., amici curiae.

Order, Appellate Term of the Supreme Court, First Department, entered March 13, 2024, which affirmed an order, Civil Court, New York County (Vanessa Fang, J.), entered on or about August 7, 2023, denying respondent's motion for discovery under CPLR 408, and granting petitioner's cross-motion for summary judgment dismissing respondent's affirmative defense and counterclaim for rent overcharges, unanimously reversed, on the law, without costs, respondent's motion for discovery under CPLR 408 granted, petitioner's cross-motion for summary judgment dismissing respondent's affirmative defense and counterclaim for rent overcharges denied, and the affirmative defense and counterclaim reinstated.
The amendments to the Rent Stabilization Law and Code under the Housing Stability and Tenant Protection Act of 2019 ([HSTPA] L 2019, ch 36) apply to this proceeding (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 363 [2020]). Accordingly, there is no cause for us to engage in a constitutional retroactivity analysis in the application of the HSTPA in this 2022 nonpayment proceeding, as the tenant's first lease commenced December 1, 2020, after the HSTPA's enactment, and no pre-HSTPA overcharge is alleged (see Landgraf v Usi Film Prod., 511 US 244, 269 [1994]). Thus, "no potentially problematic retroactive effect" is implicated here (Matter of 4040 BA LLC v New York State Div. of Hous. & Community Renewal, 221 AD3d 440, 441 [1st Dept 2023], lv denied 41 NY3d 907 [2024]). Additionally, assuming application of the HSTPA to the present overcharge claims has some retroactive impact, such retroactivity is supported by a rational legislative purpose (see American Economy Ins. Co. v State of New York, 30 NY3d 136, 157-158 [2017], cert denied 584 US 1013 [2018]; see also Matter of Regina, 35 NY3d at 383 ["[p]rospective application of part F could be understood to address [the acute housing shortage] by deterring future overcharges"]).
Under the HSTPA, the legal regulated rent for the apartment is calculated from "the most recent reliable annual registration statement filed and served upon the tenant six or more years prior to the most recent registration statement," plus any subsequent lawful increases (Administrative Code of the City of NY § 26-516[a][i]). Moreover, the court, "in investigating complaints of overcharge and in determining legal regulated rents, shall consider all available rent history which is reasonably necessary to make such determinations" (Administrative Code § 26-516[h]; see id. ["Nothing contained in this subdivision shall limit the examination of rent history relevant to a determination as to: (i) whether the legality of a rental amount charged or registered is reliable in light of all available evidence including but not limited to whether an unexplained increase in the registered or lease rents, or a fraudulent scheme to destabilize the housing accommodation, rendered such rent or registration unreliable"]; see also Matter of Syllman v New York State Div. of Hous. and Community Renewal, 233 AD3d 977, 978 [2d Dept 2024]). Here, although the tenant does not assert fraud, she does assert that the 2014 individual apartment improvement increase was not supported and, therefore, that the legal regulated rent set forth in her lease commencing December 1, 2020, was not reliable.
As demonstrated by the tenant in her motion for discovery, the invoices, contract, proposal, and check stubs concerning the 2014 renovations, when considered in the light most favorable to her (see e.g. Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]; Similis Mgt. LLC v Dzganiya, 71 Misc 3d 129[A], 2021 NY Slip Op 50245[U] [App Term, 1st Dept 2021]), plausibly include several double-counted items and features not currently present in her apartment. Taken together, the tenant raised a question of fact as to whether the rent history is unreliable, thus warranting denial of the landlord's cross-motion for summary judgment and establishing a need for discovery. Accordingly, the motion for discovery in the summary proceeding under CPLR 408 was improperly denied (see e.g. Mautner-Glick Corp. v Higgins, 64 Misc 3d 16, 18 [App Term, 1st Dept 2019]; see also TOA Constr. Co., Inc. v Tsitsires, 4 AD3d 141, 142 [1st Dept 2004],citing New York Univ. v Farkas, 121 Misc 2d 643 [Civ Ct, NY County 1983]).
We have considered the landlord's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 7, 2025