Alekna v 207-217 W. 110 Portfolio Owner LLC (2025 NY Slip Op 04693)

Alekna v 207-217 W. 110 Portfolio Owner LLC

2025 NY Slip Op 04693

Decided on August 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 14, 2025

Before: Webber, J.P., Friedman, Gesmer, Rosado, Michael, JJ. 

Index No. 156847/16|Appeal No. 4387|Case No. 2024-02341|

[*1]Mariana Dimitrova Alekna et al., Plaintiffs-Respondents,
v
207-217 West 110 Portfolio Owner LLC et al., Defendants-Appellants, 207 Realty Associates L.L.C. et al., Defendants.

Belkin Burden Goldman, LLP, New York (Matthew S. Brett of counsel), for appellants.
Newman Ferrara LLP, New York (Roger A. Sachar of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered April 1, 2024, which granted plaintiffs' motion for summary judgment as to liability, denied defendants-appellants' (defendants) cross-motion for summary judgment dismissing plaintiffs' claims for rent overcharge damages and related declaratory and injunctive relief, and adopted the findings set forth in an order, same court (Carol R. Edmead, J.), entered December 23, 2021, unanimously modified, on the law, to deny plaintiffs' motion for summary judgment, and to remand for trial to determine whether defendants engaged in a fraudulent scheme to deregulate the subject apartments under the totality of the circumstances standard, and otherwise affirmed, without costs.
We modify the order and remand the matter for trial to determine whether defendants knowingly engaged in a fraudulent scheme to deregulate plaintiff tenants' apartments under the totality of the circumstances, without requiring that all the elements of common-law fraud be met. The 2023 and 2024 amendments to the Rent Stabilization Law (RSL) and Rent Stabilization Code (RSC) apply to this action, which was pending when the amendments became effective (L 2023, ch 760; L 2024, ch 95; Cox v 36 S Oxford St, LLC, 237 AD3d 604, 605 [1st Dept 2025]). Contrary to defendants' contention, there is no impermissible retroactive effect arising from the application of the new "totality of the circumstances" approach in determining whether an owner has "knowingly engaged" in a fraudulent scheme to remove an apartment from rent stabilization protections (L 2024, ch 95, § 2-a). As the Second Department recently observed in Gomes v Vermyck, LLC (238 AD3d 26, 41-42 [2d Dept 2025]), "[o]wners never had any right to engage in a fraudulent scheme to deregulate an apartment unit."
Defendants fail to establish that the cases requiring a tenant to prove the common-law elements of fraud following Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal (35 NY3d 332 [2020]) could have had any bearing on their conduct or rights during or before the lookback period here, from August 2012 through August 2016. Although the Court of Appeals stated in a footnote in Regina that fraud consists of "evidence [of] a representation of material fact, falsity, scienter, reliance and injury" (id. at 356 n 7), defendants might have interpreted this Court's reading of Regina to require evidence of the common-law elements of fraud as controlling law, at most, from April 2, 2020, when Regina was decided, until December 22, 2023, when the amendments became effective. Moreover, "[b]ecause neither a property owner nor a tenant has a vested interest in beneficial regulations, even . . . prejudice [to] the tenant or the owner is generally not a reason to fail to apply the current law" (Matter of 160 E. 84th St. Assoc. LLC v New York State Div. of Hous. & Community Renewal, 43 NY3d 275, 285, 2024 NY Slip Op 06377, *3 [2024] [internal quotation marks omitted]). Accordingly, there is no impermissible retroactive effect from applying the totality of the circumstances test to cases, such as this one, that were pending as of December 22, 2023 (see Cox, 237 AD3d at 605).
We note that the 2023 and 2024 amendments to the RSL and RSC expressly permit "review of an apartment's full rent history for the purposes of determining whether a deregulation was lawful, even if beyond the lookback period for establishing rent overcharges" (id.; see also L 2024, ch 95, §2). Defendants acknowledge that the prior owner improperly deregulated plaintiffs' apartments before the Court of Appeals' decision in Roberts v Tishman Speyer Props., L.P. (13 NY3d 270 [2009]) determined that owners of buildings receiving tax incentive benefits under New York City's J-51 program were not entitled to remove apartments from rent stabilization under the now-repealed high-rent vacancy deregulation or luxury deregulation provisions of the RSL and RSC. As the motion court correctly found, these are not classic Roberts cases, because defendants acknowledged that the apartments were improperly deregulated, either before or during the J-51 period, based on significant rent increases that were unsupported by evidence of apartment or building-wide improvements, and concealed by the sporadic and inconsistent registration filings apparently made without regard for the statutory criteria for deregulation. As we observed in an earlier appeal in this case, defendants' "willfulness is presumed" (Alekna v 207-217 W. 110 Portfolio Owner LLC, 188 AD3d 553, 554 [1st Dept 2020]).
The record supports plaintiffs' assertion that both the current and prior owners and managing agents knew that the apartments in the building were improperly deregulated and yet continued to raise the rents beyond the statutory increases and refused to renew tenants' leases. The detailed affidavit from a director of the prior owner's managing agent described defendants' conversations associated with the sale of the building in 2016, which may result in a finding of carryover liability under RSC (9 NYCRR) § 2526.1(f)(2) (see also Matter of Gaines v New York State Div. of Hous. & Community Renewal, 90 NY2d 545, 549 [1997]). Accordingly, plaintiffs have raised questions of fact entitling them to a trial to resolve the question of whether the deregulation of each apartment constituted a fraudulent scheme under the totality of the circumstances (Cox, 237 AD3d at 606; Gomes, 238 AD3d at 41-42).
Defendants are correct that the amendments require plaintiffs to establish that they "knowingly engaged" in a fraudulent scheme, which is consistent with our holdings in earlier cases (see e.g. Cox, 237 AD3d at 606; Jekielek v 260 Partners, LP, 221 AD3d 565, 566 [1st Dept 2023]; Austin v 25 Grove St. LLC, 202 AD3d 429, 430-431 [1st Dept 2022]). As the Court of Appeals in Regina acknowledged, fraud in the regulatory context generally means "consciously and knowingly charg[ing] . . . improper rent" (35 NY3d at 356 n 7 [internal quotation marks omitted]), which is consonant with "the intent of the legislature to discourage and penalize fraud against the rent regulatory system itself, as well as against individual tenants" (L 2023, ch 760, part B, § 1). Thus, the amendments and existing case law can be harmonized to the extent not expressly superseded by statute.
Defendant GFB Management LLC's contention that as managing agent it cannot be held liable as an agent of a disclosed principal is unavailing. Under 9 NYCRR 2520.6(i), an agent is included in the definition of an owner, and "a managing agent who participates in a fraudulent scheme is not shielded from liability" (NÁjera-OrdÓÑez v 260 Partners, L.P., 217 AD3d 580, 581-582 [1st Dept 2023]). Accordingly, the question of whether defendant managing agent participated in any fraud should also be addressed at trial.
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 14, 2025