Oshodi v 30 Linden Blvd., LLC (2025 NY Slip Op 51386(U))

[*1]

Oshodi v 30 Linden Blvd., LLC

2025 NY Slip Op 51386(U)

Decided on September 2, 2025

Civil Court Of The City Of New York, Queens County

Lane, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 2, 2025
Civil Court of the City of New York, Queens County

Beatrice Oshodi and WILLIAM POTTER, Plaintiff,

against
30 Linden Blvd., LLC, Defendant.

Index No. CV-006822-25/QU

Plaintiff's Attorney: 
Thomas John Hillgardner 
8263 170th Street
Jamaica, New York 11432-2035
(718) 657-0606
Defendant's Attorney:
Sidrane, Schwartz-Sidrane, Perinbasekar & Littman, LLP
119 No. Park Avenue, Suite 201 
Rockville Centre, New York 11570
(516) 569-9539

Peter F. Lane, J.

The following numbered papers were read on this motion by plaintiffs for an order dismissing the defendant's second, fourth and fifth affirmative defenses upon the ground that they have no merit (CPLR 3211 [b]).
Papers Numbered
Notice of Motion, Affirmation, Exhibits, Service 1-4
Affirmation in Opposition, Exhibits, Service 5-7
Upon the foregoing papers it is ordered that this motion is determined as follows:
Plaintiffs, as former tenants in a rent stabilized building owned by defendant 30 Linden Blvd. LLC, commenced this rent overcharge action by filing a summons and complaint on March 25, 2025 alleging overcharges for the period of October 2023 to October 2024, and seeking damages not to exceed $50,000.00.
Defendant joined issue by filing an answer, as amended, that includes five affirmative defenses. Plaintiffs' motion seeks to dismiss the second, fourth and fifth affirmative defenses which allege, in relevant part, as follows:
SECOND AFFIRMATIVE DEFENSE
Plaintiffs' causes of action, or portions thereof, are precluded pursuant to the statute of limitations . . . all claims are limited to review from June 14, 2019 . . . [d]efendant was under no obligation to keep rental records for more than four years prior to the passage of the Housing Stability and Tenant Protection Act in 2019.
FOURTH AFFIRMATIVE DEFENSE
Plaintiffs have asserted challenges to rent history of the subject apartment prior to June 14, 2019, the passage of the Housing Stability and Tenant Protection Act ("HSTPA") . . . The HSTPA is not applicable to the instant action following the Court of Appeals determination in Matter of Regina Metro Co., LLC v NYS DHCR, 35 NY3d 332 [2020] . . . Plaintiffs cannot examine and/or utilize any records prior to the base date of this proceeding, absent a showing of fraud.
FIFTH AFFIRMATIVE DEFENSE
Plaintiffs have asserted challenges to rent history of the subject apartment prior to June 14, 2019, the passage of the Housing Stability and Tenant Protection Act ("HSTPA") . . . The HSTPA is not applicable to the instant action following the Court of Appeals determination in Matter of Regina Metro Co., LLC v NYS DHCR, 35 NY3d 332 [2020] . . . Following the decision is Matter of Regina . . . it has been established that in the event of a finding of overcharge that the legal rent shall not be "frozen" at the last properly legal rent but established based upon the base date rent.
In support of the motion to dismiss defendant's affirmative defenses, plaintiffs rely only upon the verified complaint, verified amended answer and the affirmation of counsel. Defendant's answer admits and denies, in part, various allegations of the complaint, as follows:
The complaint alleges that the NYS Division of Housing and Community Renewal ("DHCR") annual apartment registration statement indicates an unexplained rent increase in June 2018 from $1,133.50 to $1,147.67; and that the base date for determining the legal rent is June 14, 2015, which is four years prior to the enactment of the 2019 HSTPA. Defendant denies these allegations in the answer. 
It is undisputed in the pleadings that defendant is the owner of real property located at 30 Linden Boulevard, Brooklyn, NY, a multiple dwelling within the meaning of the Multiple Dwelling Law ("MDL") that is subject to the Rent Stabilization Law of 1969, as amended ("RSL"). The parties entered into a written lease for apartment 6A on October 9, 2023 providing for a one-year term that commenced on October 1, 2023 and ended on September 30, 2024. The lease reserved a legal monthly rent of $2,718.43 and provided that, for a one-year term only, plaintiffs would pay the preferential rent rate of $2,250.00. Defendant admits that plaintiffs did not have possession of Apt. 6A until October 18, 2023, and that the October rent was prorated so that plaintiff paid 14/31ths of the monthly preferential rent rate. Plaintiffs allege that defendant extended their lease until October 15, 2024 and that they paid a prorated rent for that month. Defendant admits that the monthly rent due for the period of December 2023 through September 2024 was the preferential rent rate of $2,250.00, and that plaintiffs surrendered that apartment in October 2024, but denies that it collected that amount of rent each month based upon plaintiffs' payment history.
The complaint further alleges that the entire apartment registration history prior to June 18, 2018 contains no evidence of any unexplained rent increases. Defendant admits this [*2]allegation in the answer. The complaint otherwise alleges that June 14, 2015 is the base date for determining the legal rent rate. Defendant denies this allegation.
On a motion to dismiss affirmative defenses pursuant to CPLR 3211 (b), the plaintiff bears the burden of demonstrating that the defenses are without merit as a matter of law (see Muniz v SPO Rest., LLC, 227 AD3d 1002, 1004 [2d Dept 2024]; Vita v New York Waste Servs., LLC, 34 AD3d 559 [2d Dept 2006]). More particularly, the plaintiff must prove that the defenses either do not apply under the factual circumstance of the case or they fail to state a defense (see Shah v Mitra, 171 AD3d 971, 974 [2d Dept 2019], quoting Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d 746, 748 [2d Dept 2010]). In deciding a motion to dismiss defenses, the court should apply the same standard as it applies to a motion to dismiss pursuant to CPLR 3211 (a) (7), and the factual assertions of the defense will be accepted as true (Shah, 171 AD3d at 974, quoting Wells Fargo Bank, N.A. v Rios, 160 AD3d 912, 913 [2d Dept 2018]). "Moreover, if there is any doubt as to the availability of a defense, it should not be dismissed" (Shah, 171 AD3d at 974, quoting Wells Fargo Bank N.A., 160 AD2d at 913; Federici v Metropolis Night Club, Inc., 48 AD3d 741, 743 [2d Dept 2008]).
In support of the motion to dismiss the statute of limitations defense, plaintiffs argue that the action is governed by the six-year statute of limitations for rent overcharge damages enacted pursuant to the 2019 HSTPA (CPLR 213-a), and the action was timely commenced on March 25, 2025 since it seeks damages for October 2023 to October 2024. Plaintiffs further argue that the rent overcharge methodology made applicable by the 2019 HSTPA instructs the Court to examine the entire rent history prior to enactment of the statute; that the "base date" for determining legal rent in an overcharge action is no longer required to be co-extensive with the statute of limitations; and that the overcharge action is premised upon an unexplained overcharge occurring in June 2018, more than 6 years prior to commencement of the action and also prior to the effective date of the 2019 HSPTA.
A rent overcharge claim may be filed anytime, but "no overcharge penalties or damages may be awarded for a period more than six years before the action is commenced or complaint is filed" (CPLR 213-a). The 2019 HSTPA also instructs the court to look back as far as necessary to find the most reliable rent registration upon which to base its determination regarding the overcharge claim (Emergency Tenant Protection Act of 1974 § 12 [a] [9] [McKinney's Unconsol. Laws § 8632 (a) (9) (L. 1974, ch. 576, § 4, § 12), as amended by HSTPA, L. 2019, ch. 36, § 1, part F, § 2]). Further, the 2023 and 2024 amendments to the Rent Stabilization Law and Rent Stabilization Code expressly permit "the use of records of any age or type, going back to any date that may be relevant, for purposes of determining the status of any apartment under the rent stabilization law " (L 2023, ch 760; L 2024, ch 95; see Gomes v Vermyck, LLC, 238 AD3d 26, 37-38 [2d Dept 2025]).
Here, while plaintiffs allege that the record of an unexplained rent increase in June 2018 should be utilized to determine damages for an overcharge, their complaint otherwise alleges that June 14, 2015 is to be utilized as the "base date" for determining the legal rent. Noticeably, the allegation implicitly acknowledges the four-year look-back period that applied to overcharge claims made prior to enactment of the HSTPA on June 14, 2019, and its applicability to such claims when it was later reinstated by Matter of Regina Metro Co., LLC v NY Div of Hous. & Community Renewal, 35 NY3d 332 (2020). This acknowledgment of Matter of Regina, however, contradicts, in turn, plaintiffs' legal argument that the "base date" for determining legal rent is no longer co-extensive with a statute of limitations.
The Court of Appeals, in Matter of Regina, considered the retroactive effect of the expanded look-back period that was a result of the 2019 HSTPA. Before its enactment, overcharge claims were subject to a four-year statute of limitations, and overcharges incurred more than four years preceding the initiation of a claim were precluded (see former RSL § 26-526 [a] [2]; former CPLR 213-a). In its decision, based upon principles of substantive due process, the Court clarified that the 2019 HSTPA amendments could not be applied retroactively to overcharges that occurred prior to its enactment (Regina, 35 NY3d at 363, 388). The Regina Court held that retroactive application of the part F amendments contained in the 2019 HSTPA was unconstitutional (35 NY3d at 384-386). The Regina holding, which effectively reinstated the four-year statute of limitations codified in the former version of CPLR 213-a for challenges to pre-HSTPA overcharges, has been followed by the Appellate Divisions in the First and Second Department (see Wise v 1614 Madison Partners, LLC, 214 AD3d 550 [1st Dept 2023]; Gridley v Turnbury Vil., LLC, 196 AD3d 95 [2d Dept 2021]).
Following Matter of Regina, courts recognized that where the triggering event for an alleged overcharge is predicated upon an unexplained rental increase that occurred prior to the 2019 HSTPA, the four-year rule set forth in the former CPLR 213-a and Rent Stabilization Law § 26-516 controls (see e.g. Bhawan 330 Realty LLC v Briones, 85 Misc 3d 128[A] [App Term, 2d Dept, 2nd, 11th and 13th Jud Dists 2025]; Crest I LP v Ventura, 81 Misc 3d 1 [App Term, 1st Dept, 2023]; 37-07 147th Realty LLC v Tibaguy, 2025 NY Slip Op 32061[U], 2025 NY Misc LEXIS 5485 [Civil Court, Queens Cty 2025]). More recently, the Appellate Division, First Department has held that there is no need to engage in a constitutional retroactivity analysis in the application of the HSTPA where a tenant's lease commenced after the HSTPA's enactment, and no pre-HSTPA overcharge is alleged (see West Pierre Assocs. LLC v Harvey, __ AD3d __, 2025 NY Slip Op 04611 [1st Dept 2025]). The Court of Appeals, meanwhile, has also recently recognized that the exception to the four-year look-back period only applies in cases where plaintiff alleges sufficient indicia of fraud or a colorable claim of a fraudulent scheme to evade the rent stabilization laws (see Burrows v 75-25 153rd St., LLC, __ NY3d __, 2025 Slip Op 01669 [Court of Appeals 2025]; see also Gomes v Vermyck, LLC, 238 AD3d 26, 38-39 [2d Dept 2025]).
In opposition to the motion, defendant argues that the action is subject to the statute of limitations because it is erroneously predicated upon a June 2018 rent overcharge statement, which is prior to the effective date of the 2019 HSTPA. To support this argument, defendant provides copies of DHCR apartment rent registration statements for the period of 1984 through 2024 that include a designation next to the June 2018 rent specifying "RS-V" which means "vacant," and which counsel explains is proof of a lawful vacancy increase for the rent. If this evidence is accepted as true on plaintiffs' motion to dismiss, it explains the rent increase and rebuts plaintiff's overcharge claim to the extent it is premised upon the June 2018 DHCR rent registration statement. Plaintiffs offer no rebuttal to this evidence and have not submitted reply papers on their motion to dismiss. Further, the court considers plaintiff's allegation in the complaint that "the entire rent history prior to June 18, 2018 contains no evidence of any unexplained rent increases" (paragraph 18), which is admitted by defendant in the amended answer. At this procedural juncture in the action, plaintiffs have not conducted any pretrial discovery for examination of the rent history regarding the alleged overcharge.
To the extent that Matter of Regina allows for an exception to the look-back period where there are allegations of fraud, a plaintiff must allege sufficient indicia of fraud, or a [*3]colorable claim of a fraudulent scheme to evade the protections of the rent stabilization laws, to withstand a motion to dismiss on statute of limitations grounds. Recent case law holds that plaintiff's allegations, at least, must include more than the basic assertion that a tenant was overcharged, and "a mere allegation of a high rent increase is insufficient for the fraud exception to apply" (Burrows v 75-25 153rd St., LLC, __ NY3d __, 2025 Slip Op 01669 [2025]; see Gomes v Vermyck, LLC, 238 AD3d 26,37-39 [2d Dept 2025]; Cox v 36 S. Oxford St., LLC, 237 AD3d 604, 606 [1st Dept 2025]; see also e.g. Alkena v 207-217 W. 110 Portfolio Owners LLC, __ AD3d __, 2025 NY Slip Op 04693 [1st Dept 2025]). Upon review, plaintiffs' complaint merely alleges a high rent increase and is devoid of any indicia of fraud or a fraudulent scheme to evade the rent stabilization laws. When a tenant fails to plead a colorable claim of fraud or allege sufficient indicia of fraud, an overcharge claim cannot be predicated on evidence of a single rent increase predating the 2019 HSTPA that is beyond the look-back period (see Bhawan 330 Realty, LLC v Briones, 85 Misc 3d 128[A] [App Term, 2d Dept, 2d. 11th & 13th Jud Dists 2025]; 62-60 99th St. Owner II, LLC v Bobchev, 86 Misc 3d 1233[A], 2025 NY Slip Op 51088[U] [Civ Ct, Queens County 2025]; compare Burrows v 75-25 153rd St., LLC, __ NY3d __, 2025 Slip Op 01669 [Court of Appeals 2025], with West Pierre Assocs. LLC v Harvey, __ AD3d __, 2025 NY Slip Op 04611 [1st Dept 2025]).
The court finds that, based upon the respective pleadings and papers submitted, and accepting the defendant's denials, factual allegations and the evidence submitted as true, and in the absence of pre-trial discovery having been conducted, that plaintiffs have failed to sustain their burden of proof on their motion to dismiss that defendant's second and fourth affirmative defenses, considered collectively, are without merit as a matter of law.
Turning to defendant's fifth affirmative defense seeking to bar plaintiffs' ability to freeze the rent, plaintiffs contend that the court may freeze the rent when a landlord fails to file a timely annual rent registration. Significantly, the complaint neither seeks this relief nor alleges that the defendant failed to timely file an initial and proper DHCR rent registration statement pursuant to New York City law (Administrative Code of the City of New York § 26-517[e]). Further, plaintiffs do not challenge this affirmative defense as a matter of law but, instead, counsel states in legal memorandum that "this is not to say that plaintiff is necessarily entitled to a rent freeze in this case, as the issue remains to be determined." To buttress counsel's own statement, the court also notes that the parties have not engaged in pretrial discovery on this issue.
The court finds that plaintiffs have failed to sustain their burden of proving that defendant's fifth affirmative defense is without merit as a matter of law.
Accordingly, plaintiffs' motion to dismiss defendant's second, fourth and fifth affirmative defenses is denied.
This is the Decision and Order of the Court.
Date: September 2, 2025
Hon. Peter F. Lane, JCC