Dunbar Apt. Holdings LLC v Johnson (2025 NY Slip Op 51403(U))

[*1]

Dunbar Apt. Holdings LLC v Johnson

2025 NY Slip Op 51403(U)

Decided on September 5, 2025

Civil Court Of The City Of New York, New York County

Guthrie, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 5, 2025
Civil Court of the City of New York, New York County

Dunbar Apartment Holdings LLC, Petitioner,

against
Jana Johnson, TAILA JOHNSON, JOHN DOE, JANE DOE, Respondents.

Index No. L&T 321162/23

Eric N. Pitter, Esq.
Azoulay Weiss, LLP
New York, NY
Attorneys for petitioner
Tycel Harris, Esq.
Manhattan Legal Services
New York, NY
Attorneys for respondent Jana Johnson

Clinton J. Guthrie, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent Jana Johnson's motion for discovery pursuant to CPLR § 408 and to amend the answer pursuant to CPLR § 3025(b):
Papers Numbered
Notice of Motion & All Documents Annexed 1 (NYSCEF #24-30) 
Affirmation in Opposition 2 (NYSCEF #31)
Reply Affirmation & Exhibit Annexed 3 (NYSCEF #32-33)
Sur-Reply Affirmation 4 (NYSCEF #35)
Upon the foregoing cited papers, the decision and order on respondent's motion is as follows.
PROCEDURAL HISTORY
This summary nonpayment proceeding was filed in October 2023. Respondent Jana Johnson (hereinafter "respondent") filed a pro se answer on December 4, 2023. After respondents defaulted on May 22, 2024, a default judgment was issued. Thereafter, respondent filed an order to show cause seeking to vacate the default judgment. Counsel subsequently [*2]appeared for respondent and a stipulation was executed with petitioner's counsel vacating the default judgment.
Respondent now moves through counsel to amend the pro se answer and for discovery. Following adjournments for briefing, this court heard argument on the motion on May 22, 2025.
DISCUSSION/CONCLUSION
I. Motion to Amend Answer
The court will first consider respondent's motion to amend the answer, as the discovery motion relates to an overcharge counterclaim that is one of respondent's proposed amendments. Respondent states in her affirmation in support of the motion that she did not have the assistance of an attorney when she filed her pro se answer and did not know her legal rights (Johnson Aff., ¶ 12). Respondent thus seeks to interpose an amended answer after retaining counsel. Petitioner opposes the motion in all respects.
Motions for leave to amend "should be freely granted (CPLR 3025(b)) absent prejudice or surprise resulting from the proposed amendment, unless the proposed amendment is palpably insufficient or patently devoid of merit." (Badesch v Fort 710 Assoc., L.P. 233 AD3d 604, 604 [1st Dept 2024]). Upon a review of respondent's proposed amended answer, the court does not find that the proposed defenses and counterclaims are palpably insufficient or patently devoid of merit. While the overcharge counterclaim is specifically contested, the Appellate Division, First Department, in Matter of West Pierre Assoc. LLC v Harvey, 2025 NY Slip Op 04611 [1st Dept 2025], recently held that overcharge claims involving tenants whose tenancies commenced after the passage of the HSTPA (Housing Stability of Tenant Protection Act) of 2019 [L 2019, ch 36]) are subject to the HSTPA overcharge amendments (part F). Since respondent moved into the subject premises in 2022, "'no potentially problematic retroactive effect' is implicated" (Harvey, 2025 NY Slip Op 04611, *1 [quoting Matter of 4040 BA LLC v New York State Div. of Hous. & Community Renewal, 221 AD3d 440, 441 [1st Dept 2023]]) in the application of the HSTPA amendments to her overcharge claim. Under those amendments, the legal regulated rent is calculated from the "most recent reliable annual registration filed and served upon the tenant six or more years prior to the most recent registration statement" plus allowable lawful increases (NYC Admin Code § 26-516(a)(1)) and the court "shall consider all available rent history which is reasonably necessary" to determine the reliability of the rent (NYC Admin Code § 26-516(h)) (see Harvey, 2025 NY Slip Op 04611, *1). Here, respondent has credibly raised an issue as to the reliability of the rents registered with DHCR (Division of Housing and Community Renewal) starting in 2019, when a legal rent of $3,050 was registered after a multi-year period of purported temporary exemption based on owner occupancy, before which $954.69 was the last registered rent in 2013. As petitioner has not demonstrated surprise or prejudice that would defeat amendment (see Four Thirty Realty LLC v Kamal, 83 Misc 3d 138[A], 2024 NY Slip Op 51301[U] [App Term, 1st Dept 2024]), the motion to amend the answer is granted and the amended answer (NYSCEF Doc. 28) is deemed served and filed.
II. Motion for Discovery
Respondent seeks discovery upon her overcharge counterclaim. While respondent's proposed discovery demands were not annexed to the original motion, they were annexed to the [*3]reply and petitioner had an opportunity to respond to them in its sur-reply. Therefore, the court excuses the initial omission of the demands from the motion (see CPLR § 2001). Petitioner opposes the discovery motion in its entirety.
In this special proceeding governed by Article 4 of the CPLR, discovery may only be granted by leave of court upon showing of an ample need for disclosure (see CPLR § 408; Georgetown Unsold Shares, LLC v Ledet, 130 AD3d 99, 106 [2d Dept 2015]; Mautner-Glick Corp. v Higgins, 64 Misc 3d 16, 18 [App Term, 1st Dept 2019]; New York University v Farkas, 121 Misc 2d 643, 647 [Civ Ct, NY County 1983, Saxe, J]). 
Typically, the assessment of ample need is grounded in the six factors enumerated by Judge David B. Saxe in Farkas: (1) whether the party seeking discovery has asserted facts to establish a cause of action; (2) whether there is a need to determine information directly related to the cause of action; (3) whether the requested disclosure is carefully tailored and is likely to clarify the disputed facts; (4) whether prejudice will result from the granting of an application for disclosure; (5) whether the prejudice can be diminished or alleviated by an order fashioned by the court for this purpose; and (6) whether the court, in its supervisory role, can structure discovery so that pro se tenants, in particular, will be protected and not adversely affected by discovery requests (see Farkas, 121 Misc 2d at 647). More recently, some lower courts have also considered whether discovery "will speed a case towards a fair resolution, whether by stipulation or trial." (Temo Realty LLC v Herrera, 82 Misc 3d 299, 301 [Civ Ct, Kings County 2023] [citing 50th St. HDFC v Abdur-Rahim, 72 Misc 3d 1210[A], 2021 NY Slip Op 2021 NY Slip Op 50693[U] [Civ Ct, Kings County 2021] and 717 Sterling Corp. v Cook, 78 Misc 3d 1224[A], 2023 NY Slip Op 50345[U] [Civ Ct, Kings County 2023]]; see also 109th Affordable Hous. LLC v Beck, 2025 NY Slip Op 32735[U], *2 [Civ Ct, NY County 2025]).
In Harvey, the Appellate Division reversed the lower court's denial of a discovery motion where a sufficient showing that the rental history was unreliable was made (see Harvey, 2025 NY Slip Op 04611, *1 ["Taken together, the tenant raised an issue of fact as to whether the rent history was unreliable, thus warranting denial of the landlord's cross-motion for summary judgment and establishing a need for discovery."]). Here, the court finds that respondent has sufficiently raised an issue as to the reliability of the rent history, specifically regarding the substantial increase in rent after a purported temporary exemption from 2014 through 2018, and that ample need for discovery exists as a result.[FN1]
The court also finds that respondent's discovery demands are carefully tailored to clarify disputed facts, except with regard to Interrogatories Numbered 9, 13, and 14 (see Farkas, 121 Misc 2d at 647). Therefore, petitioner is ordered to produce documents responsive to Document Requests Numbered 1-8 and responses to [*4]Interrogatories Numbered 10, 11, and 12 to respondent's attorneys by October 10, 2025. Respondent's motion for discovery is granted to the foregoing extent.
The proceeding will be restored on October 28, 2025 at 9:30 AM in Part D, Room 524, for all purposes. Any party seeking discovery-related relief, including but not limited to a motion to compel or motion for discovery sanctions, must first seek a virtual discovery conference with the court by emailing ny-housing-524@nycourts.gov.
This Decision/Order will be filed to NYSCEF.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Dated: September 5, 2025
New York, New York
HON. CLINTON J. GUTHRIE
J.H.C.

Footnotes

Footnote 1:The court notes that pursuant to that amendment of Rent Stabilization Code (RSC) § 2526.1(a)(3)(iii) (9 NYCRR § 2526.1(a)(3)(iii)) in January 2014, a landlord could no longer charge a "first rent" as the lawful rent following more than four years of a temporary exemption (see Matter of AEJ 534 E. 88th LLC v New York State Div. of Hous. & Community Renewal, 194 AD3d 464, 470 [1st Dept 2021]). Instead, the appropriate increase to be made from the prior legal regulated rent was pursuant to RSC § 2522.8 (9 NYCRR § 2522.8), which permitted a vacancy increase and any allowable longevity increase, in addition to successive 2-year guidelines increases that could have otherwise been offered during the period of the exemption (9 NYCRR § 2526.1(a)(3)(iii) [as amended on January 8, 2014]).